MARY REID, Respondent, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK et al., Appellants.

The provision of the act of 1891, in relation to the New York and Brooklyn bridge (§ 7, chap. 128, Laws of 1891), declaring that neither of said cities shall be liable thereafter for any matter growing out of said bridge, and that the trustees of the bridge shall succeed to all their liabilities growing out of the bridge, did not relieve the cities from a liability upon a cause of action for negligence which had arisen against them as owners of the bridge prior to the passage of the act.

The undertaking of the two municipalities with passengers was to carry them safely over the bridge, and for injuries resulting to a passenger from a negligent performance of that duty he had a remedy against them, and of this, *it seems*, he cannot be deprived by the legislature.

Reported below, 68 Hun, 110.

(Argued October 17, 1893; decided October 24, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 17, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*D. J. Dean* for appellant. The provisions of section 7 of chapter 128 of the Laws of 1891 relieve the defendants from any liability for the injuries sustained by plaintiff, and transfer that liability, if any, to the trustees of the New York and Brooklyn bridge. (Laws of 1891, chap. 128; Suth. on Stat. Const. § 482.) The liability of the mayor, aldermen and commonalty of the city of New York and the city of Brooklyn, growing out of the operation of the New York and Brooklyn bridge, is subject to legislative change. (Code Civ. Pro. §§ 1421, 1425; *Hein* v. *Davidson*, 96 N. Y. 175; *Hessberg* v. *Riley*, 91 id. 377; *Gray* v. *City of Brooklyn*, 2 Abb. Ct. App. Dec. 267; *Hardy* v. *City of Brooklyn*, 90 N. Y. 435; *Bieling* v. *City of Brooklyn*, 120 id. 98.) There is no vested right to a particular remedy. (*Morton* v. *Valentine*, 14 La. Ann. 130; Cooley on Const. Lim. 442; *Rich* v. *Flanders*, 39 N. H. 304; *Collector* v. *Hubbard*, 12 Wall. 1; *Berry* v. *Clary*, 77 Maine, 482; *Van Rensselaer* v. *Ball*, 19 N. Y. 400; *Martin* v. *Rector*, 118 id. 479; *York* v. *Texas*, 137 U. S. 20; *Munn* v. *Illinois*, 94 id. 113; *Conkey* v. *Hart*, 14 N. Y. 30; *Watson* v. *N. Y. C. & H. R. R. Co.*, 47 id. 157.) The legislature has power to pass such a law having a retroactive effect, and especially such a statute affecting pending actions. (*Dash* v. *Van Kleeck*, 7 Johns. 477; *Norris* v. *Beyea*, 13 N. Y. 273; *People* v. *Turner*, 117 id. 235; *Drehman* v. *Stifle*, 8 Wall. 603; *Morse* v. *Goold*, 11 N. Y. 281; *Conkey* v. *Hart*, 14 id. 29; *In re P. E. P. School*, 31 id. 585; *Rich* v. *Flanders*, 39 N. H. 304; *People ex rel.* v. *Jeroloman*, 69 Hun, 30; *L. C. Co.* v. *Barber*, 47 Kan. 29; *Ex parte McCardle*, 74 U. S. 506; *Patterson* v. *Philbrook*,

9 Mass. 151; *Pritchard* v. *Savannah, etc., R. R. Co.,* 87 Ga. 294.)

*Charles J. Patterson* for respondent. Starting the cars while the plaintiff was in the act of alighting was negligence in the persons controlling the train. (*Ferry* v. *M. R. Co.,* 118 N. Y. 497; *Bartholemew* v. *N. Y. C. & H. R. R. R. Co.,* 102 id. 613; *Roberts* v. *Johnson,* 58 id. 613; *Mulhado* v. *B. B. R. R. Co.,* 30 id. 370.) That the two cities were liable for the plaintiff's damages at the time this action was commenced is not open to dispute. (*Walsh* v. *Mayor, etc.,* 107 N. Y. 220.) This liability was not discharged by Laws of 1891, chapter 128, section 7, page 295. (*McMaster* v. *State,* 103 N. Y. 547; *N. Y. & O. M. R. R. Co.* v. *Van Horn,* 57 id. 473.) If the seventh section of the act of 1891 was construed according to the defendant's claim, it would be unconstitutional as impairing the obligations of contracts. (*B. P. Comrs.* v. *Armstrong,* 45 N. Y. 234; *Van Hoffman* v. *Quincy,* 4 Wall. 535; *Wolff* v. *City of New Orleans,* 103 U. S. 358; *Nelson* v. *St. Martin's Parish,* 111 id. 716; *Louisiana* v. *Pillsbury,* 105 id. 278; Thompson on Carriers, 540; *P. R. R. Co.* v. *People,* 31 Ohio St. 537; *Stewart* v. *B. C. T. R. R. Co.,* 90 N. Y. 590, 591; *State of Louisiana* v. *City of New Orleans,* 109 U. S. 285.)

GRAY, J. The plaintiff, having suffered personal injuries while a passenger in a car upon the New York and Brooklyn bridge, brought this action to recover damages against the municipalities named, as the owners of and controlling the bridge structure. The action was commenced in 1890, and in 1891 an act was passed (Chap. 128, Laws 1891), which provided that " Neither the mayor, etc., of New York, nor the city of Brooklyn, shall be liable hereafter for any matter * * * growing out of the New York and Brooklyn bridge * * * The trustees of the New York and Brooklyn bridge shall succeed to all liabilities of the two cities growing out of the bridge, and all claims and demands growing out of the bridge upon

contract, and for negligence and for wrongs, which heretofore might be prosecuted against the two cities, or either of them, shall be prosecuted against the trustees of the New York and Brooklyn bridge, and they shall be liable therefor in their corporate capacity," etc., etc.   When the cause came on for trial a motion was made to dismiss the complaint, upon the ground that under the said act of 1891 the trustees of the bridge had succeeded to all the liabilities of the defendants, and that they, and not the defendant cities, were liable to the plaintiff.   That objection to the maintenance of this action presents the only question argued here.

That the two cities were properly made defendants in the action cannot be disputed; but it is, with great seriousness, insisted that, because of the language in the act of 1891, which I have quoted, the defendants were relieved from the liability under which they were to the plaintiff, and that such liability had been shifted to the bridge trustees.   The argument is made that the provisions were absolute in their nature, with respect to the cessation of liability on the part of the cities, and that the legislature had thereby shifted the existing liability.   The position of the defendants is exceedingly technical, and we are wholly unable to concede any force to the argument made.   The plaintiff had a remedy against these defendants of which she could not be deprived.   The undertaking was to carry the plaintiff safely, and for the results of the negligent performance of that undertaking the plaintiff had a remedy against the defendants, which she could and did enforce by the commencement of this action.   We may say that the right of action was the plaintiff's property.   To hold that her remedy was taken away, and thus her pending action was defeated by this legislation, would be giving a latitude of interference beyond any justification in authority.

The construction contended for is as unnecessary as it seems strained.   In providing that the bridge trustees " shall succeed to all liabilities of the two cities," etc., the intention of the legislature is plain enough.   The cities, through their ownership of the bridge, rested under every liability, which the

obligation and duties of ownership might give rise to. The
bridge trustees were substituted in the place of the cities, as
the parties to be responsible *thereafter* for breaches of con-
tract, or for torts, and they succeeded to whatever liabilities
the cities might come under by virtue of their ownership.
The succession of liability was prospective and, obviously,
meant that they came into the place of the cities with respect
to whatever causes of action might arise, and which, but for
the act, would be enforcible against the cities.

We think the judgment should be affirmed, with costs, and
that this is a case in which the penalty of ten per cent damages
should properly be enforced, under section 3251 of the Code
of Civil Procedure, subd. 5.

All concur.

Judgment affirmed.