In the Matter of the Application of HERMAN BERKOVITZ et al., Appellants, *v.* ARBIB & HOULBERG, INC., Respondent.

SPIRITUSFABRIEK ASTRA OF AMSTERDAM, HOLLAND, Respondent, *v.* SUGAR PRODUCTS COMPANY, Appellant.

Arbitration Law — statute applicable to pre-existing contracts but not to pending actions — contract to arbitrate entered into before enactment of Arbitration Law may be enforced before other remedy has been invoked, not after — statute violative neither of State nor of Federal Constitution.

1. The Arbitration Law (L. 1920, ch. 275) is applicable to pre-existing contracts but not to pending actions, and there is no departure therein from constitutional restrictions.

2. A provision in a contract for the sale of goods made in November, 1919, that claims " shall be settled amicably or by arbitration," will be enforced, the statute having been enacted after the contract had been made, but before a remedy was invoked, since changes in the form of remedies are applicable to proceedings thereafter instituted for the redress of wrongs already done.

3. A contention that the promise to arbitrate when made was illegal and a nullity cannot be sustained. (*Jacobus v. Colgate*, 217 N. Y. 235, distinguished.)

4. A motion, however, in an action upon a contract, for a stay of proceedings until the matters in difference were arbitrated pursuant to a provision therein, is properly denied where the action was begun in 1916. To hold that the Arbitration Law of 1920 applies in such conditions is to nullify a cause of action by relation, and by relation again to establish a defense. Full effect is given to the provision of section 5 of the statute that " if any suit or proceeding be brought " its progress shall be stayed, when it is limited to suits or proceedings brought thereafter.

5. The statute is not violative of section 2 of article 1 of the State Constitution securing the right of trial by jury. The right is one that may be waived and it was waived by the consent to arbitrate. The consent of the parties is binding, however deficient may once have been the remedy to enforce it.

6. Nor may the statute be successfully assailed as abridging the general jurisdiction of the Supreme Court which section 1 of article 6 of the Constitution of the State continues unimpaired.

7. A contention that the statute violates section 1 of article 10 of the Federal Constitution on the ground that it impairs the obligation of a contract cannot be maintained. The obligation of the contract is strengthened, not impaired.

*Matter of Berkovitz*, 193 App. Div. 423, reversed.

*Spiritusfabriek Astra* v. *Sugar Products Co.*, 193 App. Div. 937, affirmed.

(Argued January 18, 1921; decided March 1, 1921.)

Appeal, in the first above-entitled action, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 2, 1920, which affirmed an order of Special Term denying an application for the appointment of an arbitrator under the Arbitration Law.

Appeal, in the second above-entitled action, by permis-

sion, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 15, 1920, which affirmed an order of Special Term denying a motion for a stay of proceedings pursuant to the Arbitration Law.

Upon the latter appeal the following questions were certified:

" 1. Is the Arbitration Law applicable to contracts made prior to its enactment?

" 2. Is the defendant in an action brought prior to the enactment of the Arbitration Law on a written contract made prior to the enactment of the Arbitration Law, containing a provision for arbitration, entitled to a stay of the trial of the action pending arbitration pursuant to article 2, section 5, of the Arbitration Law?

" 3. Is the Arbitration Law applicable to a written contract containing a provision for arbitration, made prior to the enactment of the law and made and to be performed in jurisdictions where arbitration was enforcible when the contract was made and to be performed?

" 4. Is the sixth defense alleged in paragraphs 25 to 35 of the amended answer in this action, if proved, a bar to the maintenance of this action under the Arbitration Law?

" 5. Is the Arbitration Law applicable to a written contract containing a provision for arbitration without the state of New York?

" 6. Does the Arbitration Law contravene article 1 of section 10 of the Constitution of the United States, prohibiting laws impairing the obligations of contracts?

" 7. Does the Arbitration Law contravene the Seventh Amendment to the Constitution of the United States or does it contravene section 2 of article 1 of the Constitution of the state of New York, by depriving a party of the right of trial by jury?

" 8. Does the Arbitration Law contravene section 1 of article 6 of the Constitution of the state of New York,

providing that 'the Supreme Court is continued with general jurisdiction in law and equity?' "

The facts, so far as material, are stated in the opinion.

*David Steckler* and *Emil Weitzner* for Herman Berkovitz et al., appellants. The legislature intended the Arbitration Law to apply to a contract which was made before its enactment where the controversy arose after its enactment. (*Matter of Hamlin*, 226 N. Y. 407; *Allen v. Stevens*, 161 N. Y. 122; *People v. Angle*, 109 N. Y. 564; *Clark Implement Co. v. Wadden*, 34 S. D. 550; *Sturges v. Carter*, 114 U. S. 511; *People ex rel. Collins v. Spicer*, 99 N. Y. 225; *Laird v. Carton*, 196 N. Y. 169; *Blauvelt v. Woodworth*, 31 N. Y. 285; *Meacham v. Jamestown R. R. Co.*, 211 N. Y. 346; *U. S. A. Refining Co. v. T. L. Petroleum Co.*, 222 Fed. Rep. 1006.) The statute is constitutional. (*Burch v. Newbury*, 10 N. Y. 374; *White v. White*, 154 App. Div. 250; *Sampeyeac v. U. S.*, 7 Pet. 222; *Chicago & Alton R. Co. v. Tranbarger*, 238 U. S. 67; *Second Employers Liability Cases*, 223 U. S. 1; *League v. Texas*, 184 U. S. 156; *Ewell v. Daggs*, 108 U. S. 143; *Watson v. Mercer*, 8 Pet. 88; *Brearley School v. Ward*, 201 N. Y. 358; *Gildersleeve v. People*, 10 Barb. 35.)

*Clarence M. Lewis* and *Jay Leo Rothschild* for Sugar Products Company, appellant, and as *amicus curiæ*. The legislature intended that the Arbitration Law should apply to contracts made prior to its passage. (*Palmer v. Van Santvoord*, 153 N. Y. 612; *Allen v. Stevens*, 161 N. Y. 122; *People v. Angle*, 109 N. Y. 564; *Binninger v. New York*, 80 App. Div. 438; *U. S. A. Refining Co. v. T. L. Petroleum Co.*, 222 Fed. Rcp. 1006.) An agreement that all differences arising under a contract shall be submitted to arbitration relates to the law of remedies. (*Meacham v. Jamestown, F. & C. R. R. Co.*, 211 N. Y. 346; *U. S. Asphalt Refining Co. v. Trinidad Lake Petroleum Co.*, 222 Fed. Rep. 1006; *Aktieselskabet K. F. K. v. Redieri Aktliebolaget Atlanten*, 232 Fed. Rep. 403; 250 Fed.

Rep. 935; *The Eros*, 241 Fed. Rep. 186.)  It is settled
that legislation affecting remedies is applicable to pend-
ing actions arising out of previous events.  (*Peace* v.
*Wilson*, 186 N. Y. 403; *Matter of Davis*, 149 N. Y. 539;
*Sackheim* v. *Pigueron*, 215 N. Y. 62; *Zimmermann* v.
*Ullmann*, 173 App. Div. 650; *Gazzola* v. *O'Brien*, 169
App. Div. 602; *Skelton* v. *Lehigh Valley R. R. Co.*, 164
App. Div. 789; *Nicholson* v. *City of New York*, 85 Misc.
Rep. 563; 165 App. Div. 921; *Brearley School* v. *Ward*,
201 N. Y. 358; *Laird* v. *Carton*, 196 N. Y. 169; *Hedges* v.
*Keiser*, 135 App. Div. 12.)  The Arbitration Law does
not violate article 1, section 10, of the United States Con-
stitution prohibiting the state from passing laws " impair-
ing the obligations of contracts." (*National Surety Co.*
v. *Architectural Co.*, 226 U. S. 276; *Ewell* v. *Daggs*, 108
U. S. 143; *Gross* v. *United States Mortgage Co.*, 108 U. S.
477; *Satterlee* v. *Matthewson*, 2 Pet. 380; *Curtis* v. *Leavitt*,
15 N. Y. 9; *Southern Life Ins. & Trust Co.* v. *Packer &
Prentice*, 17 N. Y. 51.)  The Arbitration Law is not uncon-
stitutional upon the ground that it deprives plaintiff of a
right to trial by jury guaranteed by section 2 of article 1
of the New York State Constitution or by the Seventh
Amendment to the Constitution of the United States.
(*People ex rel. McLaughlin* v. *Police Comrs.*, 174 N. Y. 450;
*Sentenis* v. *Ladew*, 140 N. Y. 463; *Cowenhoven* v. *Ball*, 118
N. Y. 231; *Matter of Cooper*, 93 N. Y. 507; *Baird* v. *New
York*, 74 N. Y. 382; *Anderson* v. *Reilly*, 66 N. Y. 189;
*People* v. *Quigg*, 59 N. Y. 83; *West Point Iron Co.* v.
*Reymert*, 45 N. Y. 703; *Mulligan* v. *Bond & Mortgage
Guarantee Co.*, 193 App. Div. 741.)  The Arbitration Law
does not contravene section 1 of article 6 of the Consti-
tution of the state of New York, providing that " the
Supreme Court is continued with general jurisdiction in
law and equity." (*Davis* v. *Zimmerman*, 91 Hun, 489.)

  *Julius Henry Cohen* and *Kenneth Dayton* for Chamber
of Commerce of the State of New York, *amicus curiæ.*

The statute applies to controversies arising from agreements for arbitration entered into before its adoption. (*Sackheim* v. *Pigueron*, 215 N. Y. 62; *Holmes* v. *Camp*, 219 N. Y. 359; *Cahill* v. *Wissner*, 183 App. Div. 659; *Van Rensselaer* v. *Snyder*, 13 N. Y. 299; *Laird* v. *Carton*, 196 N. Y. 169; *Peace* v. *Wilson*, 186 N. Y. 403; *Myers* v. *Moran*, 113 App. Div. 427; *Matter of Davis*, 149 N. Y. 539; *Southwick* v. *Southwick*, 49 N. Y. 510; *Meacham* v. *J., F. & C. R. R. Co.*, 211 N. Y. 346.) Respondents are not deprived by the Arbitration Law of their constitutional right to a jury trial. (*McGurty* v. *D., L. & W. R. R. Co.*, 172 App. Div. 46; *Snell* v. *N. P. Mills*, 193 N. Y. 433; *Sentenis* v. *Ladew*, 140 N. Y. 463; *Cowenhoven* v. *Ball*, 118 N. Y. 231; *Matter of Cooper*, 93 N. Y. 507; *People* v. *Quigg*, 59 N. Y. 83; *People ex rel. McLaughlin* v. *Police Comrs.*, 174 N. Y. 450; *Anderson* v. *Reilly*, 66 N. Y. 189; *Boyden* v. *Lamb*, 152 Mass. 416.) The general jurisdiction of the Supreme Court in law and equity is not unconstitutionally abridged. (*Klein* v. *Maravelas*, 219 N. Y. 383; *People* v. *Schweinler Press*, 214 N. Y. 395; *The Genesee Chief* v. *Fitzhugh*, 12 How. [U. S.] 443; *Payne* v. *N. Y. S. & W. R. R. Co.*, 157 App. Div. 302; *Stern* v. *Met. Life Ins. Co.*, 169 App. Div. 217; 217 N. Y. 626.)

*Sidney J. Loeb* and *Leon M. Prince* for Arbib & Houlberg, Inc., respondent. The Appellate Division was correct in deciding that the Arbitration Law provides a remedy where none hitherto existed; that it, therefore, creates a new right, is not retroactive and has no effect on previously existing contracts. (*Jacobus* v. *Colgate*, 217 N. Y. 235; *Morrison* v. *B. & O. R. R. Co.*, 177 App. Div. 613; *Metcalfe* v. *Union Trust Co.*, 87 App. Div. 144; 181 N. Y. 39; *Richards* v. *City Lumber Co.*, 101 Miss. 678; *Stevens* v. *Hicks*, 156 N. C. 239; *Philip* v. *Heraty*, 147 Mich. 473; *Meacham* v. *J.*, etc., *Ry. Co.*, 211 N. Y. 346; *Cahill* v. *Wisner*, 183 App. Div. 659; *McMaster* v. *State*, 103 N. Y. 547.) The Arbitration Law is unconstitu-

tional because it destroys the right to a trial by jury. (*Gilbert* v. *Ackerman*, 159 N. Y. 118; *Ives* v. *S. B. Ry. Co.*, 201 N. Y. 271; *McGurty* v. *D., L. & W. R. R. Co.*, 172 App. Div. 46; *Snell* v. *N. P. Mills*, 193 N. Y. 433; *Stevens* v. *Hicks*, 156 N. C. 239; *Richards* v. *City Lumber Co.*, 106 Miss. 678; *Pritchard* v. *Norton*, 106 U. S. 124; *People ex rel. Swift* v. *Luce*, 204 N. Y. 488; *D. & H. C. Co.* v. *Penn. Coal Co.*, 50 N. Y. 250; *Meacham* v. *Jamestown Ry. Co.*, 211 N. Y. 346.)

*Henry H. Abbott* and *Hiram Thomas* for Spiritusfabriek Astra, respondent. Plaintiff's only remedy was by action, and of that remedy it may not now be deprived. (*Meacham* v. *Jamestown, etc., R. R. Co.*, 211 N. Y. 346; *Graham* v. *Keteltas*, 17 N. Y. 491; *Hurst* v. *Litchfield*, 39 N. Y. 377; *U. S. Asphalt Ref. Co.* v. *T. L. Petroleum Co.*, 222 Fed. Rep. 1006; *The Eros*, 241 Fed. Rep. 186; *Sanford* v. *Commercial Travelers Mut. Acc. Assn.*, 86 Hun, 380; 147 N. Y. 326; *Benson* v. *Eastern B. & L. Assn.*, 174 N. Y. 84; *Nashua River Paper Co.* v. *Hammermill Paper Co.*, 223 Mass. 8; L. R. 1916, A. D. 691.) The Arbitration Law is not retroactive. (*People ex rel. Union Ins. Co.* v. *Nash*, 111 N. Y. 310; *United States* v. *American Sugar Ref. Co.*, 202 U. S. 563; *Huttlinger* v. *Royal Dutch West India Mail*, 180 App. Div. 114; *O'Reilly* v. *Utah, etc., Stage Co.*, 87 Hun, 406; *Isola* v. *Weber*, 147 N. Y. 329; *Jacobus* v. *Colgate*, 217 N. Y. 235; *McMaster* v. *State*, 103 N. Y. 547; *N. Y. & O. M. R. R. Co.* v. *Van Dorn*, 57 N. Y. 473; *Stephens* v. *Hicks*, 156 N. C. 239; *Helme* v. *Buckelew*, 229 N. Y. 363.) The Arbitration Law violates the provision of the State Constitution by which the Supreme Court is continued with general jurisdiction in law and equity. (Art. VI, § 1; *Gilman* v. *Tucker*, 128 N. Y. 190; *Benson* v. *Eastern B. & L. Assn.*, 174 N. Y. 83; *Meacham* v. *J., etc., R. R. Co.*, 211 N. Y. 346; *Sanford* v. *Comcl. T. M. A. Assn.*, 86 Hun, 350; 147 N. Y. 326; *Baltimore & Ohio R. R. Co.* v. *Stankard*, 56 Ohio St. 224;

*Myers* v. *Jenkins*, 63 Ohio St. 101; *De Hart* v. *Hatch*, 3 Hun, 375; *Alexander*.v. *Bennett*, 60 N. Y. 204; *People ex rel. Mayor, etc.,* v. *Nichols*, 79 N. Y. 582; *People ex rel. Swift* v. *Luce*, 204 N. Y. 478.) The Arbitration Law, if retroactive, would violate section 2 of article 1 of the State Constitution which guarantees the right to a jury trial. (*Steck* v. *Colorado F. & I. Co.*, 142 N. Y. 236; *Snell* v. *Niagara Paper Mills*, 193 N. Y. 433; *Sanford* v. *Commercial Travelers, etc., Assn.*, 86 Hun, 380, 383; 147 N. Y. 326; *Insurance Co.* v. *Morse*, 20 Wall. [U. S.] 445; *Kneettle* v. *Newcomb*, 22 N. Y. 249; *Shapley* v. *Abbott*, 42 N. Y. 443; *M. & S. L. R. R. Co.* v. *Bombolis*, 241 U. S. 211.) The Arbitration Law, if retroactive, would impair the obligations of contracts, in violation of section 10 of article 1 of the Federal Constitution. (*McCracken* v. *Hayward*, 2 How. [U. S.] 608; *Barnitz* v. *Beverley*, 163 U. S. 118; *McGahey* v. *Virginia*, 135 U. S. 662; *Western Nat. Bank* v. *Reckless*, 96 Fed. Rep. 70; *Morris* v. *Henry*, 221 N. Y. 96.)

CARDOZO, J. The validity of the Arbitration Law (L. 1920, ch. 275; Consol. Laws, ch. 72), and its application to existing contracts and pending actions, are the questions here involved.

In one case (*Matter of Berkovitz & Spiegel*), a contract for the sale of goatskins was made in November, 1919. It provides that the skins shall " be the usual quality of their kind, and claims in regard thereto shall not invalidate this contract, but shall be settled amicably or by arbitration in the usual manner." The skins, which came from India, arrived in New York on April 12, 1920. The Arbitration Law took effect on April 19 of the same year. The buyer, after inspection of the goods, gave notice of rejection. The seller demanded arbitration, and moved, under the statute, for the appointment of an arbitrator. The appointment was refused at Special Term and at the Appellate Division, the latter court

holding that the Arbitration Law did not apply to pre-existing contracts.

In the second case (*Spiritusfabriek Astra* v. *Sugar Products Company*), a contract for the sale of molasses was made in July, 1914. One of its provisions is: "The regular arbitration and force majeure clauses are to form part of this contract. * * * It is agreed in the event of an arbitration being called, it is to sit in London." The plaintiff, the buyer, brought action against the seller in July, 1916. The defendant answered with defenses and counterclaims. Between July, 1916, and April 19, 1920, there was active litigation. One phase of the controversy, a motion by the defendant for judgment on the pleadings, came as far as this court (221 N. Y. 581). Plaintiff expended several thousand dollars for fees and disbursements. In June, 1920, on the eve of the trial, the defendant moved for a stay of proceedings until the matters in difference were arbitrated. The Special Term denied the motion, and the Appellate Division affirmed.

(1) We think the Arbitration Law is applicable to pre-existing contracts, but not to pending actions.

Section 2 of the statute (L. 1920, ch. 275; Consol. Laws, ch. 72) declares a new public policy, and abrogates an ancient rule. "A provision in a written contract to settle by arbitration a controversy thereafter arising between the parties to the contract, or a submission hereafter entered into· of an existing controversy to arbitration pursuant to title eight of chapter seventeen of the code of civil procedure, shall be valid, enforcible and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract" (Arbitration Law, section 2).

Sections 3 and 4 prescribe the procedure for the enforcement of the contract and the naming of the arbitrator.

Section 5 directs a stay of proceedings "if any suit or proceeding be brought" when arbitration should be ordered.

The common-law limitation upon the enforcement of promises to arbitrate is part of the law of remedies (*Meacham* v. *Jamestown, F. & C. R. R. Co.*, 211 N. Y. 346, 352; *Aktieselskabet K. F. K.* v. *Redieri Aktiliebolaget Atlanten*, 232 Fed. Rep. 403, 405; 250 Fed. Rep. 935; *U. S. Asphalt Refining Co.* v. *Trinidad Lake Petroleum Co.*, 222 Fed. Rep. 1006, 1011). The rule to be applied· is the rule of the forum. Both in this court and elsewhere, the law has been so declared. Arbitration is a form of procedure whereby differences may be settled. It is not a definition of the rights and wrongs out of which differences grow. This statute did not attach a new obligation to sales already made. It vindicated by a new method the obligation then existing.

In thus classifying its purpose, we have gone far in determining its effect. Changes in the form of remedies are applicable to proceedings thereafter instituted for the redress of wrongs already done. They are retrospective if viewed in relation to the wrongs. They are prospective if viewed in relation to the means of reparation (*Lazarus* v. *Metr. E. R. Co.*, 145 N. Y. 581, 585; *Laird* v. *Carton*, 196 N. Y. 169; *Brearley School, Ltd.*, v. *Ward*, 201 N. Y. 358, 363). A different problem arises when proceedings are already pending. There is then a distinction to be noted. The change is applicable even then if directed to the litigation in future steps and stages (*Lazarus* v. *Metr. E. R. Co., supra; Lamport* ·v. *Smedley*, 213 N. Y. 82, 86). It is inapplicable, unless in exceptional conditions, where the effect is to reach backward, and nullify by relation the things already done (Maxwell Interpretation of Statutes [5th ed.], pp. 348, 370; *Reid* v. *Mayor, etc., of N. Y.*, 139 N. Y. 534; *U. S. Fidelity & G. Co.* v. *Struthers Wells Co.*, 209 U. S. 306; *Attorney-General* v. *Chandler*, 108 Mich. 569, 571). There can be no presumption, for illustration, that a statute regulating the form of pleadings or decisions is intended to invalidate pleadings already served, or decisions already filed (Gen. Construction Law

[Cons. Laws, ch. 22], secs. 93, 94). We speak, of course, of the principles that govern in default of the disclosure by the legislature of a different intent. Nice distinctions are often necessary (*Jacobus* v. *Colgate*, 217 N. Y. 235). The word "remedy" itself conceals at times an ambiguity, since changes of the form are often closely bound up with changes of the substance (*Jacobus* v. *Colgate, supra,* at p. 244; *Isola* v. *Weber*, 147 N. Y. 329). The problem does not permit us to ignore gradations of importance and other differences of degree. In the end, it is in considerations of good sense and justice that the solution must be found (Maxwell, *supra,* pp. 348, 370).

Applied to the case of Berkovitz & Spiegel, these principles and presumptions require that arbitration be enforced. The statute was enacted after the contract had been made, but before a remedy was invoked. The range of choice is governed by the remedies available at the time when choice is made. We are told that the promise to arbitrate when made was illegal and a nullity. Even before the statute, this was not wholly true. Public policy was thought to forbid that the promise be specifically enforced. Public policy did not forbid an award of damages if it was broken (*Haggart* v. *Morgan*, 5 N. Y. 422, 427; *Finucane Co.* v. *Bd. of Education*, 190 N. Y. 76, 83). The result would not be changed, however, if the right to damages were denied. A promise that differences will be arbitrated is not illegal and a nullity without reference to the law in force when differences arise. Since it is directed solely to the remedy, its validity is to be measured by the public policy prevailing when a remedy is sought. In that respect, it is not different from a promise that future controversies shall be submitted to a court. The jurisdiction of the court at the time of the submission will determine whether the promise is to be rejected or enforced. This is so whether jurisdiction in the interval has been diminished or enlarged. Of course, we exclude cases where the contract is inherently immoral

or in contravention of a statute. General contracts of arbitration were never subject to that reproach. In those circumstances, public policy does not speak as of the date of the promise that the parties shall have a remedy then unknown to the law. Public policy speaks as of the hour and the occasion when the promise is appealed to, and the remedy invoked.

Our decision in *Jacobus* v. *Colgate* (217 N. Y. 235), much relied upon by counsel, has little pertinency here. We dealt there with a statute which gave a remedy for a wrong where there had been no remedy before. Right and remedy coalesced, and took their origin together. Finding them so united, we construed the statute which defined them as directed to the future (*Cf. Winfree* v. *No. Pac. Ry. Co.*, 227 U. S. 296). Here the wrong to be redressed is the rejection of merchandise in violation of a contract. Such a wrong had a remedy for centuries before the statute. All that the statute has done is to make two remedies available when formerly there was one.

We think the promise to arbitrate must be held within the statute, and the subject-matter of the controversy within the purview of the promise.

Different considerations apply to the second of the cases, in which demand is made by the Sugar Products Company after four years of litigation that proceedings in the cause be stayed. That action, as we have seen, was begun in July, 1916. The plaintiff then elected to disregard the arbitration clause, and seek a remedy in the courts. The defendant did, it is true, demand the benefit of the clause, but at the date of the joinder of issue the defense was insufficient in law. To hold that the Arbitration Law of 1920 applies in such conditions is to nullify a cause of action by relation, and by relation again to establish a defense. Years of costly litigation will thus be rendered futile. Nothing in the language of the statute gives support to the belief that consequences so harsh and drastic were intended by the legislature.

" If any suit or proceeding *be* brought," its progress shall
be stayed (Arbitration Law, section 5). Full effect is
given to this provision when it is limited to suits or
proceedings brought thereafter. We are not to presume
a willingness that rights already accrued through actions
lawfully initiated are to be divested or impaired (*Lazarus* v.
*Metr. E. R. Co.*, at p. 584; General Construction Law,
secs. 93, 94). In such circumstances, it is impossible to
apply the statute to the stages of the litigation that
remain without applying it at the same time, at least
in some degree, and with some extent of prejudice, to
those that have gone by.

Other questions pressed by counsel are mentioned
only to reserve them. We do not now determine whether
an arbitration clause, framed in contemplation of the
statute of Great Britain, and calling for sessions of the
arbitrators in London, is susceptible of enforcement under
the statute of New York. We leave that question open
(*Cameron* v. *Caddy*, 1914, A. C. 651, 656; *Austrian Lloyd
S. S. Co.* v. *Gresham Life Assur. Society*, 1903, 1 K. B.
249; *The Cap Blanco*, 1913, P. 130, 135; *U. S. Asphalt
Refining Co.* v. *Trinidad Lake Petroleum Co.*, 222 Fed.
Rep. 1006). Enough for present purposes is our holding
that pending actions are untouched.

(2) The validity of the statute remains to be considered.

(a) The statute is assailed as inconsistent with article
I, section 2, of the Constitution of the state, which
secures the right of trial by jury. The right is one that
may be waived (*People* v. *Quigg*, 59 N. Y. 83; *People
ex rel. McLaughlin* v. *Bd. Police Commissioners*, 174 N. Y.
450, 456; *Boyden* v. *Lamb*, 152 Mass. 416, 419; Constitu-
tion, art. I, sec. 2). It *was* waived by the consent to
arbitrate. We are told that the consent must be disre-
garded as illusory because the parties could not be
held to it till this statute was adopted. A consent,
none the less, it was, however deficient may once have

18

been the remedy to enforce it. Those who gave it, did so in view of the possibility that a better remedy might come. They took the chances of the future. They must abide by its vicissitudes.

(b) The statute is assailed again as abridging the general jurisdiction of the Supreme Court, which article VI, section 1, of the Constitution of the state continues unimpaired.

Jurisdiction exists that rights may be maintained. Rights are not maintained that jurisdiction may exist. The People, in establishing a Supreme Court to administer the law, did not petrify the law which the court is to administer (*Matter of Stillwell*, 139 N. Y. 337, 342; *Clapp v. McCabe*, 84 Hun, 379; 155 N. Y. 525; Constitution, art. I, sec. 16). Article VI, section 1, preserves the existence of the court " with general jurisdiction in law and equity," but the same article in section 3 secures to the legislature " the same power to alter and regulate the jurisdiction and proceedings in law and equity that it has heretofore exercised." When change shall be held to trench on jurisdiction in a prohibited degree, cannot be known with certainty in advance of the event as the result of general definition. " The process of judicial inclusion and exclusion " must serve to trace the line. Power lodged in the Supreme Court is not to be withdrawn merely that it may be transferred and established somewhere else. Power, though not transferred, is still not to be withdrawn, if fundamental or inherent in the conception of a court with general jurisdiction in equity and law. Changes, we may assume, will be condemned if subversive of historic traditions of dignity and power. Such is not the change effected by this statute. The Supreme Court does not lose a power inherent in its very being when it loses power to give aid in the repudiation of a contract, concluded without fraud or error, whereby differences are to be settled without resort to litigation. For the right to nullify is substituted the duty to enforce.

Contending parties have contracted that the merits of their
controversy shall be conditioned upon the report of
arbitrators, as upon any other extrinsic fact which
agreement might prescribe. Whether they have so
contracted is a question which the court must still
determine for itself. (Arbitration Law, section 3). If the
contract has not been made or is invalid, the court will
proceed, as in any other case, to a determination of the
merits. If it has been made and is valid, the court will
stay its hand till the extrinsic fact is ascertained, and the
condition thus fulfilled. That done, its doors are open
for whatever measure of relief the situation may exact
(*Hamlyn & Co.* v. *Talisker Distillery*, 1894, A. C. 202; *Wilson* v. *Glasgow Tramways & O. Co.*, 5 Session Cases [Scot.],
4th series, 981, 992, quoted by Cohen Commercial Arbitration and the Law, pp. 262, 263). The award will be
enforced if valid, and for cause will be annulled. " In
common language where no attempt is made at logical
accuracy," it is sometimes said that the contract of
arbitration " ousts the jurisdiction " of the judges (*Wilson* v. *Glasgow Tramways & O. Co.*, *supra*). " In strictness, however, it does not oust the jurisdiction, but merely
introduces a new plea into the cause " on which the judge
as at common law is under a duty to decide (*Wilson*
v. *Glasgow Tramways & O. Co.*, *supra*). The situation
is the same in substance as when effect is given to a release
or to a covenant not to sue. Jurisdiction is not renounced,
but the time and manner of its exercise are adapted to the
convention of the parties restricting the media of proof.
Long before the statute there was a like withholding of
relief whenever the subject-matter of arbitration, instead
of extending to all differences, was limited to some (*Prest.,
etc., D. & H. C. Co.* v. *Pa. Coal Co.*, 50 N. Y. 250; *Scott*
v. *Avery*, 5 H. L. 811; *Hamilton* v. *Liverpool, L. & G. Ins.
Co.*, 136 U. S. 242, 255). There was a like refusal to permit the litigation of the merits when the contract though
general, was no longer executory but had ripened into an

award. The change resulting from the statute is one of measure and degree.

We think there is no departure from constitutional restrictions in this legislative declaration of the public policy of the state. The ancient rule, with its exceptions and refinements, was criticized by many judges as anomalous and unjust (*D. & H. C. Co.* v. *Pa. Coal Co.*, *supra*, at p. 258; *Fudickar* v. *Guardian Mutual Life Ins. Co.*, 62 N. Y. 392, 399; *U. S. Asphalt Refining Co.* v. *Trinidad Lake Petroleum Co.*, 222 Fed. Rep. 1006, and cases there cited). It was followed with frequent protest, in deference to early precedents. Its hold even upon the common law was hesitating and feeble. We are now asked to declare it so imbedded in the very foundations of our jurisprudence and the structure of our courts that nothing less than an amendment of the Constitution is competent to change it. We will not go so far. The judges might have changed the rule themselves if they had abandoned some early precedents, as at times they seemed inclined to do. They might have whittled it down to nothing, as was done indeed in England, by distinctions between promises that are collateral and those that are conditions (*Scott* v. *Avery*, *supra; London Tramways Co.* v. *Bailey*, L. R. 3 Q. B. D. 217, 221; *Spackman* v. *Plumstead Dist. Bd. of Works*, L. R. 10 App. Cas. 229; *Trainor* v. *Phœnix Fire Assur. Co.*, 65 L. T. Rep. 825). No one would have suspected that in so doing they were undermining a jurisdiction which the Constitution had charged them with a duty to preserve. Not different is the effect of like changes when wrought by legislation (*Alexander* v. *Bennett*, 60 N. Y. 204, 206, 207).

(c) Finally, the statute is said to violate article I, section 10, of the Constitution of the United States on the ground that it impairs the obligation of a contract. There is no merit in the contention. The obligation of the contract is strengthened, not impaired.

In the first case, *Matter of Berkovitz & Spiegel,* the order of the Appellate Division and that of the Special Term should be reversed, with costs in all courts, and the proceeding remitted to the Special Term for the appointment of an arbitrator.

HISCOCK, Ch. J., HOGAN, POUND, MCLAUGHLIN and ANDREWS, JJ., concur; CRANE, J., dissents on opinion of DOWLING, J., at Appellate Division.

Orders reversed, etc.

In the second case, *Spiritusfabriek Astra of Amsterdam, Holland,* v. *Sugar Products Company,* the order should be affirmed, with costs; the first question answered in the affirmative; the second, fourth, sixth, seventh and eighth questions in the negative; and it is unnecessary that the other questions be answered at this time.

HISCOCK, Ch. J., HOGAN, POUND, MCLAUGHLIN and ANDREWS, JJ., concur; CRANE, J., concurs in result.

Order affirmed, with costs.