In the Matter of the Application of INTER-OCEAN FOOD PRODUCTS, INC., for an Order Directing Arbitration between INTER-OCEAN FOOD PRODUCTS, INC., and YORK MERCANTILE CO., INC.

Supreme Court, New York Special Term, May, 1923.

Arbitration — contracts — when arbitration in another state will be ordered.

Where a New York contract provides for arbitration in California an order that the arbitration proceed will be granted.

APPLICATION to direct arbitration.

*Breed, Abbott & Morgan (William B. Shealy,* of counsel), for Inter-Ocean Food Products, Inc.

*Tanzer & Lane (Eugene L. Mullaney,* of counsel), for York Mercantile Co., Inc.

MULLAN, J. I am convinced (1) that the contract was made in and is governable by the laws of New York, and (2) that it provided for arbitration in California. In *Spiritusfabriek Astra* v. *Sugar Products Co.,* 230 N. Y. 261, 273, the Court of Appeals specifically left open for future decision the question whether arbitration within a foreign jurisdiction may properly be ordered under a New York contract providing for extraterritorial arbitration. In England it has been held that, under an arbitration clause in an English contract, arbitration may be ordered to take place in a foreign country named in the arbitration clause as the place where the arbitration

is to be conducted. *Austrian Lloyd Steamship Co.* v. *Gresham Life Assurance Society,* L. R. (1903) 1 K. B. 249. I see no valid reason why the parties should not be held to the agreement they made. Application to direct arbitration to proceed is granted. Settle order.

Ordered accordingly.