NATIONAL HOUSE CLEANING CONTRACTORS, INC., Appellant, *v.* STEVE BOBALUC, Individually and as President of, and ABRAHAM ROSENBLATT, Individually and as Secretary and Treasurer of, WINDOW CLEANERS PROTECTIVE UNION, LOCAL No. 2, Affiliated with BUILDING SERVICE EMPLOYEES INTERNATIONAL UNION OF THE AMERICAN FEDERATION OF LABOR, Respondents.

First Department, June 18, 1937.

*Milton C. Weisman* of counsel [*Melvin A. Albert* with him on the brief; *Weisman, Quinn, Allan & Spett,* attorneys], for the appellant.

*William Karlin* of counsel [*Leo Greenfield* with him on the brief], for the respondents.

PER CURIAM. This is an action for a permanent injunction in a labor dispute. The judgment appealed from, after finding the essential facts in favor of plaintiff, dismissed the complaint because of plaintiff's failure to allege and prove compliance with subdivision 4 of section 876-a of the Civil Practice Act. That subdivision reads as follows: " No injunctive relief shall be granted to any plaintiff who has failed to plead and prove compliance with all obligations imposed by law which are involved in the labor dispute in question, or who has failed to allege and prove that he has made

every reasonable effort to settle such dispute either by negotiation or with the aid of any machinery of mediation or voluntary arbitration, provided for by law or contract between the parties."

The present action was commenced and a temporary injunction granted therein several months before the adoption by our Legislature of section 876-a. The order granting the injunction *pendente lite* was affirmed by this court on appeal (243 App. Div. 699). The only findings of the trial court indicating a failure to comply with section 876-a are those holding that the plaintiff failed to prove that it made every reasonable effort to settle the dispute either by negotiation or by voluntary arbitration.

It is our view that the subdivision in question, in so far as applicable to the pending action, should be deemed prospective only.

In *Matter of Berkovitz* v. *Arbib & Houlberg, Inc.* (230 N. Y. 261) the Court of Appeals, in construing the then newly-adopted Arbitration Law, applied the following rule to an action commenced before its passage (p. 270): " A different problem arises when proceedings are already pending. There is then a distinction to be noted. The change is applicable even then if directed to the litigation in future steps and stages [*Lazarus* v. *Metr. E. R. Co.*, 145 N. Y. 581, 585; *Lamport* v. *Smedley*, 213 N. Y. 82, 86]. It is inapplicable, unless in exceptional conditions, where the effect is to reach backward, and nullify by relation the things already done [Maxwell Interpretation of Statutes (5th ed.), pp. 348, 370; *Reid* v. *Mayor, etc., of N. Y.*, 139 N. Y. 534; *U. S. Fidelity & G. Co.* v. *Struthers Wells Co.*, 209 U. S. 306; *Auditor-General* v. *Chandler*, 108 Mich. 569]." And said further (at p. 273): " We are not to presume a willingness that rights already accrued through actions lawfully initiated are to be divested or impaired (*Lazarus* v. *Metr. E. R. Co.*, at p. 584; General Construction Law, secs. 93, 94). In such circumstances, it is impossible to apply the statute to the stages of the litigation that remain without applying it at the same time, at least in some degree, and with some extent of prejudice, to those that have gone by."

To hold that it was necessary to plead or prove an effort to arbitrate the present dispute would destroy the value of the complaint which was served herein before the passage of section 876-a. As a necessary corollary, the temporary injunction resting on such complaint would fall. An interpretation that would reach backward and nullify steps already taken should be avoided.

We accordingly hold that the requirements of section 876-a above referred to were inapplicable to the present cause.

The Special Term made findings which would justify injunctive relief but for its erroneous application of the statute. (See *Goldfinger* v. *Feintuch*, 250 App. Div. 751.)

The judgment should be reversed, with costs, and judgment granted for the plaintiff as demanded in the complaint.

Present — MARTIN, P. J., GLENNON, DORE, COHN and CALLAHAN, JJ.; GLENNON and COHN, JJ., dissent and vote for affirmance.

Judgment reversed, with costs, and judgment granted for the plaintiff as demanded in the complaint. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.