In the Matter of the Arbitration Between SEYMOUR GREAN & Co., INC., et al., Appellants, and SEYMOUR GREAN, Respondent.

First Department, October 18, 1948.

*Milton Pollack* of counsel (*Burr F. Coleman* and *Sidney K. Nadelson* with him on the brief; *Jacob F. Gottesman*, attorney), for appellants.

*Harold Korzenik* of counsel (*Samuel Rothstein* and *Henry M. Cohn* with him on the brief; *Rothstein & Korzenik*, attorneys), for respondent.

*Per Curiam.* All the stockholders, officers and directors of the corporations involved herein settled certain differences and disputes by a written agreement in which all parties gave up certain claims and received certain rights and promises in compensation therefor. Respondent Seymour Grean among other things was to be employed by the corporation upon the following terms: " Grean shall devote only such time to the business of the Corporation as he in his sole judgment shall deem necessary." The salary was paid for several months and thereafter the corporation refused to make any further payments although Grean claims he worked except as prevented by the other officers and directors.

The question presented is whether under these circumstances the employment contract is to be held illusory and unenforcible. The contract must be considered as an inseparable part of a complete agreement. Clearly the parties could agree to retire Grean on a fixed pension as part of a settlement, and the payments therein promised are to be taken as part of the consideration due Grean arising out of the compromise. Whether the parties called the arrangement an employment or a retirement or just a debt to be satisfied periodically, is immaterial. The agreement is not subject to attack on the ground that a simple employment could be attacked, i.e., as " illusory " in that Grean does not promise to do anything. His consideration was furnished once for all at the time of the settlement.

Even assuming that Grean's duties were separable and were to be treated as an employment contract and nothing more, a reasonable interpretation of the agreement would be that this was not an illusory promise but rather an agreement that Grean would devote such time to. the business of the corporation as would reasonably be required and that he was to be the judge of the amount of time necessary, subject always to the qualification that his decision in the matter should not be in bad faith or arbitrary. The phrase " in his sole judgment " was probable designed to eliminate discussion as to whether he was working as much as was required. Hence taken as a simple employment contract, the agreement means that, within wide limits, Grean was intended to be the judge, but he was required to render some substantial services and had to act in good faith.

The contract under which arbitration is sought cannot be said to be a nullity. In any event the arbitration clause contains the broadest provision for arbitration of all controversies and what is now sought to be arbitrated is whether respondent is

entitled to payment for services actually rendered and for services he offered to perform but was prevented by the other officers and directors from rendering.

The order appealed from should be affirmed, with costs.

CohN, J. (dissenting). The existence of a valid contract is a prerequisite to arbitration. The determination of the issue as to the existence of an enforcible contract is for the regular courts of justice, not for the irregular tribunal whose jurisdiction is dependent upon the validity of the agreement attacked. (*Matter of Kramer & Uchitelle, Inc.,* 288 N. Y. 467, 471; *Finsilver, Still & Moss* v. *Goldberg, Maas & Co., Inc.,* 253 N. Y. 382, 389; *Matter of Berkovitz* v. *Arbib & Houlberg,* 230 N. Y. 261, 275.) While disputes having their origin in any valid portion of the agreement might be arbitrated, the court may not compel arbitration arising out of a void provision therein. (*Matter of Levinsohn Corp. [Cloak, etc., Union],* 273 App. Div. 469, 475.) The provisions in the contract numbered (12) and (13) are to the effect that Grean was to receive $250 per week as salary so long as he remains a stockholder in the two corporations (even though he might hold as little as one share in each). These very provisions also set forth that for his salary he " shall devote only such time to the business of the Corporation as he in his sole judgment shall deem necessary ". Such a contract is wholly illusory, invalid and unenforcible as a matter of law. (*Topken, Loring & Schwartz, Inc.,* v. *Schwartz,* 249 N. Y. 206, 210–211; 1 Williston on Contracts [Rev. ed.], § 104.) The written promise by Grean to devote only such time to the business of the corporation as he, Grean, in his sole judgment shall regard as necessary may not be rewritten to read that he shall devote a reasonable time to the business of the companies. A contract may not be implied when there is an express agreement covering the subject matter involved. (*Grombach Productions, Inc.,* v. *Waring,* 293 N. Y. 609, 615.) If respondent has rendered services for which he has not been compensated, he has an adequate remedy in a court of law. Accordingly, I dissent and vote to reverse and grant the motion to stay the arbitration.

PECK, P. J., VaN VooRHIS and SHIENTAG, JJ., concur in *Per Curiam* opinion; CohN, J., dissents and votes to reverse and grant the motion, in opinion in which GLENNON, J., concurs.

Order affirmed, with $20 costs and disbursements to the respondent.