In the Matter of the Arbitration between STEWART STOWE, as President of United Automobile Workers of America, C.I.O., Local 1171, Petitioner, and AIRCOOLED MOTORS, INC., Respondent.

Supreme Court, Special Term, Onondaga County, February 13, 1953.

*Richard T. Mosher* for petitioner.

*Henry S. Fraser* for respondent.

McCLUSKY, J. This is a motion to compel arbitration pursuant to section 1450 of the Civil Practice Act, and a cross-motion to dismiss the application upon various grounds.

The preliminary objection is made that the local is not a party to the employment contract and is not a party aggrieved. The specific point made is that the contract is exclusively with the international body. The names of both international and local appear in the preamble and it designates them in the singular as " Union ". Subdivision 1 of article XXXII defines the membership in the local; subdivision 2 of the same article provides for service of notices, when required, upon either the local or the international with the same effect. Article XXXIII defines the term " Union " as applying to both unless otherwise specified.

Furthermore it is a well-known fact in industrial relations that international or national unions are composed of semi-autonomous unions known as locals. An international as such does not exist on the local level. The contention of the respondent that the local herein is not one of the contracting parties is without merit.

Arbitration is sought under article VIII of a contract dated April 3, 1952, relative to a discharge of one Gerald Mersfelder on April 28, 1952. Mersfelder was a member of the local union herein. It should be noted that the arbitration clause does not provide for arbitration of all disputes but only a limited class. Two conditions must concur in order to avail of the arbitration procedure. Those jurisdictional concomitants are (1) that the grievance has not been satisfactorily adjusted and (2) the grievance must involve the interpretation or application of the provisions of the contract.

Before proceeding to a consideration of the chief point at issue herein, disposition should be made of the claim that Mersfelder was discharged because of union activities. At no point in the hearings was that question ever raised. The first time it was advanced was upon this application. Even then it is purely a surmise and is not supported by any facts. As such it would be disregarded by the court. But even if it were factually supported, it would not be a basis for arbitration. Such matters under the Taft-Hartley Act are exclusively within the jurisdiction of the National Labor Relations Board. Unfair labor practices of that nature are not the subjects of arbitration or State court action. This court could not direct arbitration of that question for it has no jurisdiction. (*National Labor Relations Bd.* v. *International Union*, 194 F. 2d 698.)

The further objection is interposed that the court does not have jurisdiction of the controversy so as to direct an arbitration. The point of this objection lies in the terminology of section 1448 of the Civil Practice Act. At the time that the contract was signed and the controversy arose the section provided for arbitration of any controversy, existing at the time of submission, " which may be the subject of an action ". Later and on April 15th the section was amended by a law (L. 1952, ch. 757) which did not become effective until September 1, 1952. This added a provision insofar as labor submissions were concerned broadening the scope of the subjects arbitrable. Article 84 of the Civil Practice Act is a re-enactment of the former Arbitration Law of this State. In the case at bar the contract was signed and the controversy arose under the old law. But

under that law the reinstatement of Mersfelder could not have been the subject of an action. Therefore, the court would not have jurisdiction to compel arbitration, where the controversy arose before the effective date of the new law. (*Matter of Berkovitz* v. *Arbib & Houlberg,* 230 N. Y. 261.)

Prescinding from the matters set forth above, a consideration of the contract itself discloses another limitation. Undoubtedly the grievance was not adjusted satisfactorily to Mersfelder. Article II of the contract reserves to the employer the entire management of the business except as otherwise limited. Implicit in this and article XXIII is the right of the company to suspend or discharge an employee. In the minutes of the grievance hearing no claim was ever made that the " grievance " involved the interpretation or application of the contract or its provisions. The very contention of the union is based upon the right of the employer to discharge. The chief argument was that the discharge was too severe a penalty. There is nothing about the grievance involving the interpretation or application of the contract. There is nothing left to arbitrate.

The court denies the motion to compel arbitration and grants the respondent's motion to dismiss the petition herein. No costs.