Desmond,' J.
(dissenting). The question iswhen the 'Super-' intendent of Insurance as statutory (Insurance Law, art. XVI) liquidator of an insurance company attempts to .enforce by suit ■ *255 payment of an alleged debt due the insurance company, may the alleged debtor, despite the pending liquidation proceedings, insist on having the dispute determined by arbitration as provided for in the contract between the insurer and its alleged debtor? The case is one of first impression (the Superintendent cites no pertinent authorities at all but deals entirely with relations between the liquidator and creditors, not debtors). I see nothing in any statute or decision which makes unenforcible the express agreement between this insurer and its agent-debtor that “All controversies and disputes arising out of or relating to this agreement or the subject matter thereof shall be submitted to arbitration ”.
The arbitration agreement was valid, enforcible and irrevocable between the original parties (Civ. Prac. Act, § 1448; Matter of Berkovitz v. Arbib & Houlberg, 230 N. Y. 261). Respondent Superintendent of Insurance, as liquidator, when prosecuting claims of the company stands in the place of the company (Bohlinger v. Zanger, 306 N. Y. 228, 234). And there is nothing in article XVI of the New York Insurance Law requiring that claims by the liquidator be determined in the liquidation proceedings. Such a requirement wquld.be impossible and absurd since the liquidator must bring collection suits in the jurisdictions where his debtors are found, and the fact that the creditor is in liquidation has no effect on its alleged debtor’s contractual rights or defenses.
The Insurance Law requires of necessity that claims against the insolvent estate be asserted in the Supreme Court liquidation proceedings (§§ 526, 543, 545) so that there may be a ■ratable distribution of assets to creditors according to law (see Pink v. Title Guar. & Trust Co., 274 N. Y. 167). But there is no statute, decision, or rule of necessity or public policy commanding that the claims of the insolvent insurer against outsiders be within the exclusive jurisdiction of the Supreme Court in the liquidation proceedings themselves. Such a requirement would, for instance, make it impossible for the Superintendent to proceed against nonresident debtors. The Superintendent, in bringing-such suits in the; courts of other States or in the Federal courts, must' necessarily be governed'by the procedural laws of those, courts. Why should he not be similarly bound by the valid procedures agreed upon in the original contract *256 for the disposition of this controversy? And how could the simple, informal process of arbitration interfere with the orderly administration of the insolvency proceedings any more than a suit at law by the liquidator?
Article XVI of the Insurance Law is one part of our State’s public policy, and article 84 of the Civil Practice Act (arbitration) is another. We should reconcile them and enforce both of them.
The commencement by appellant of the proceeding to compel arbitration should not be considered a violation of the liquidation order’s prohibition against suits or proceedings against the Superintendent as liquidator. Appellant is on the defensive, not the offensive. It moved for arbitration only because and after the liquidator had brought against it a separate suit outside the liquidation proceedings.
The order of the Appellate Division should be reversed and the order of Special Term reinstated, with costs in this court and in the Appellate Division.
Judges Puld, Froessel, Van Voobhis and Bubkb concur with Chief Judge Conway ; Judge Desmond dissents in an opinion in which Judge Dye concurs.
Order affirmed.