OPINION OF THE COURT
Martin B. Stecher, J.
This is a petition brought by the tenants of an apartment in New York City to annul a determination of the Conciliation and Appeals Board (CAB) which dismissed a petition on the grounds of loss of jurisdiction. The landlord had originally petitioned the CAB for leave not to renew the tenants’ lease in a rent-stabilized building on the ground that the apartment was not the tenants’ primary residence.
The tenants are tenants whose last renewal lease was, by its terms, to expire on September 30, 1982. At the time of its execution, three years earlier, the right to a renewal lease was, at least in part, dependent upon the apartment *218 being the tenants’ primary residence (Emergency Tenant Protection Act [L 1974, ch 576, § 4], § 5, subd a, par [11]).
In March of 1982, while the “primary residence” requirement was still in effect, the landlord applied to the CAB for an order determining that a renewal lease need not be offered because the apartment was no longer the tenants’ primary residence. Between the filing of the application and the expiration date of the prior lease, that is, September 30, 1982, the Legislature passed chapter 555 of the Laws of 1982 whose section 6 eliminated the “primary residency” rule effective July 20,1982 (L 1982, ch 555, § 6). It would thus appear that on September 30, 1982 there being no primary residency requirement in the statute that the CAB which had jurisdiction should have dismissed the petition. It did not however grant or deny the petition, due perhaps to the size of its caseload.
By chapter 403 of the Laws of 1983, the Omnibus Housing Act, the Legislature, effective June 30,1983, reenacted a “primary residency” requirement (L 1983, ch 403, § 55), this time imposing on the courts the obligation to determine primary residence issues.
The CAB, by order dated October 27, 1983, relying on that statutory enactment, attempted to disqualify itself from passing upon the petition which had been pending before it since March of 1982.
The construction given by the CAB to the 1983 statute is not to be accorded the deference usually afforded administrative bodies’ interpretation of statutes (see Matter of Howard v Wyman, 28 NY2d 434, 438) because it is at variance to the statute and is, in effect, its own enactment (Matter of Nicholas v Kahn, 47 NY2d 24, 31). No statute is given retroactive application in the absence of a clear legislative intent to do so (Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443; Matter of Container Co., 298 NY 277; Shielcrawt v Moffett, 294 NY 180; Waddey v Waddey, 290 NY 251; Jacobus v Colgate, 217 NY 235, 245).
The statute granting jurisdiction to the court is prospective only. All petitions within the jurisdiction of the CAB prior to the effective date of chapter 403 remain within the agency’s jurisdiction and are to be determined by the agency. It is not for the agency to empty its calendars of *219 cases it has failed to decide by ordering them to be heard in the Supreme Court or any other court. Accordingly, the petition is granted to the extent of remanding this proceeding to the CAB which shall dismiss the petition without leave to renew if primary residence on September 30,1982, is the only issue before it; and which shall consider and resolve the other issues, if any, which were raised in the petition brought in 1982.