OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, without costs, and the matter remitted to the Division of Housing and Community Renewal for further proceedings in accordance with this memorandum.
 

 The enactment of the Laws of 1982 (ch 555), amending the Administrative Code of the City of New York containing its Rent Stabilization Law, did not repeal for the period July 20, 1982 through June 30, 1983 the provision allowing a landlord of a rent-stabilized apartment not to offer a renewal lease to a tenant not occupying the apartment as his primary residence. New York City’s authority to enact the Rent Stabilization Law derives from State legislative enactments. Both the Local Emergency Housing Rent Control Act (L 1962, ch 21, McKinney’s Uncons Laws of NY § 8605) and the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, McKinney’s Uncons Laws of NY § 8625) which authorize the city, after declaration of a housing emergency, to regulate certain types of housing, explicitly exempt from such regulation apartments not occupied by tenants as their primary residence
 
 (id.).
 
 Thus, notwithstanding the Legislature’s apparently inadvertent repeal of the city’s Rent Stabilization Law provision authorizing the promulgation of the primary residence rule embodied in the Rent Stabilization Code, the city continuously has lacked the power to subject apartments not occupied as primary residences to rent regulation. Since the right to a renewal lease is a feature of the Rent Stabilization Law, it follows that the city may not compel the landlord here to offer a renewal to these tenants if it can be shown that they were not occupying the apartment as their primary residence on September 30, 1982, the date their last lease expired. Because it has not yet been
 
 *625
 
 decided whether the apartment was so occupied at the time, the matter is remitted to the Division of Housing and Community Renewal for such determination.
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur; Judge Hancock, Jr., taking no part.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, without costs, and matter remitted to Supreme Court, New York County, with directions to remand to the Division of Housing and Community Renewal for further proceedings in accordance with the memorandum herein.