(July 17, 1986)

■ 525 PARK AVENUE ASSOCIATES, Respondent, v SALVADOR DE HOYAS, Appellant.—Order of the Appellate Term, entered July 3, 1985, which reversed an order of the Civil Court (Margaret Taylor, J.), entered December 3, 1984, which had granted the tenant's motion for summary judgment and dismissed the petitioner landlord's holdover petition, and reinstated the petition, reversed, on the law, with costs, and the order of the Civil Court dismissing the petition reinstated.

In this holdover proceeding, petitioner-respondent landlord seeks possession of an apartment on the basis that it is not the primary residence of the respondent-appellant tenant. *(See, Matter of Ehrlich v New York City Conciliation & Appeals Bd.,* 67 NY2d 622.) The only issue is whether the landlord is required to give notice during the 150- to 120-day window period in order to raise the question of nonprimary residence. *(See, Golub v Frank,* 65 NY2d 900.) The Civil Court held that it does. *(See, 525 Park Ave. Assoc. v De Hoyas,* 125 Misc 2d 432, *revd by App Term.)* We agree with the Civil Court. *(See, 83rd St. Assoc. v Beldough,* 118 AD2d 520.)

It is contended by the landlord that the decision in *Matter of Ehrlich (supra)* has made it clear that a landlord may not be compelled to offer a renewal lease where the apartment is not the tenant's residence and, therefore, there is no need for notification during the window period. We do not see such holding as eliminating the need for notice during the appropriate period. Concur—Murphy, P. J., Kupferman, Ross, Kassal and Rosenberger, JJ.