■ HANDY v RENZULLI.—Plaintiff William F. Handy's motion for reargument of, or leave to appeal to the Court of Appeals from, this court's order, entered March 10, 1988, which reversed the order of Supreme Court, New York County (Louis Grossman, J.), entered November 12, 1986, and granted defendant-appellant's motion for partial summary judgment, is granted, to the extent of clarifying certain portions of this court's memorandum decision, dated March 10, 1988 (138 AD2d 263), and the order and memorandum decision entered March 10, 1988 are vacated and the following memorandum decision substituted therefor.

The issue involved herein is one of law, an interpretation of the 150-120-day notice requirement of section 60 of the Code of Rent Stabilization Association of New York City, Inc., which interpretation does not, for the reasons which follow, and contrary to the court's ruling below, depend on the factual determination of whether defendant lives in one apartment or two.

The apartment building in question, on Central Park South, is presently a cooperative corporation, converted to such under a noneviction plan. Plaintiff-respondent is the owner of the cooperative shares allocated to a duplex apartment, numbered 11B/12B, and an adjacent studio apartment, numbered 12C. The defendant tenant is an elderly widow who states that she resides in these two adjacent apartments. She has resided in apartment 11B/12B since the early 1960's, and in or around 1972 she began renting 12C. While the building was still owned by the previous landlord, the tenant, after giving notification of her intent to do so, built a connecting doorway between the apartments. The record does not establish whether she first complied with certain conditions set by the previous landlord before erecting the connecting doorway. The following additional facts are not disputed:

1. the tenant has always had separate leases for the two apartments, with separate expiration dates and separately regulated rents;

2. the certificate of occupancy for the apartment building shows that 12C and 11B/12B are separate apartments, and

the apartments are separately registered with the New York State Division of Housing and Community Renewal; and

3. plaintiff landlord Handy purchased the two apartments, receiving separate stock certificates and proprietary leases.

By letter dated June 21, 1985, the landlord notified the tenant of his intent to terminate her leases, stating that he would not offer "renewal leases for apartments 11-12B/12C on the grounds that you do not maintain or occupy the Apartments as your primary residence." The notice, although not specifying such, fell within the period of 150 to 120 days prior to the expiration of the lease for the studio apartment, but was not within the window period for the 11B/12B lease.

The tenant moved for partial summary judgment on the ground of untimely notice of nonrenewal as to the 11B/12B lease, which she argued precluded the action for possession on the basis of nonprimary residence and entitled her to a renewal lease on 11B/12B. The court denied summary judgment, concluding that a justiciable controversy existed as to whether the two apartments "are but one apartment in spite of the separate leases and the building certificate of occupancy".

Whether or not structurally there is one apartment or two and whether this apartment is the tenant's primary residence are factual issues not at all dispositive of the question of law concerning whether proper notice of nonrenewal has been given pursuant to section 60 of the Code of Rent Stabilization Association of New York City, Inc.

Section 60 requires that notification of intent not to renew a "lease" be given not more than 150 and not less than 120 days prior to the termination date of the lease and is applicable when nonrenewal is based on a claim of nonprimary residence. (*Golub v Frank,* 65 NY2d 900, 901.) Moreover, the Court of Appeals, affirming this court, has applied the 150-120-day notice requirement even to a case in which the landlord's time for giving the notice predated the *Golub* decision. (*See, 525 Park Ave. Assocs. v De Hoyas,* 69 NY2d 692, *affg* 121 AD2d 908.) Accordingly, petitioner cannot excuse his failure to provide timely notice as to the 11B/12B lease on the basis of any reliance on pre-*Golub* case law.

The only sensible interpretation of section 60, which speaks only of notice of nonrenewal of a "lease", is that a tenant who holds two leases with separate expiration dates, as here, is entitled to timely notice of nonrenewal as to each lease. The obviousness of this is clear when one considers the possibility

of a tenant having two leases a few months apart or even a year apart. Obviously, it would be impossible for one notice to be timely as to both such leases. Thus, if one were to solve this problem by disregarding the existence of separate leases, which under property law is what signifies the transfer of an interest in property, and focus instead on whether the apartments somehow merged as one, then the next question which must be resolved is which apartment lease expiration date survives to trigger the required notice. The landlord herein reveals the illogic of his own argument when he alleges that the studio apartment no longer "exist[s] as a viable, separate unit." If so, and that apartment has merged with 11B/12B, then the notice requirement would logically have to be tied to the 11B/12B lease expiration date. Yet, the notice herein was untimely as to this lease. According to the landlord's own analysis, then, this proceeding would have to be dismissed for failure to provide timely 150-120-day notice.

It is patently clear that it is not feasible to argue that an interpretation of the 150-120-day notice requirement depends on whether these two apartments are structurally one or two. Partial summary judgment, therefore, should have been granted to bar the action seeking possession of apartment 11B/12B, since the landlord failed to give timely notice of nonrenewal of the lease to 11B/12B. Concur—Murphy, P. J., Carro, Rosenberger, Ellerin and Smith, JJ.