■ In the Matter of JACK L. ALPERT et al., Appellants. 79 REALTY CORP. et al., Respondents. [625 NYS2d 521] —Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about January 4, 1995, which, in relevant part, denied petitioners' motion to nullify the appointment of a certain appraiser to receive evidence and recommend a decision regarding the fair value of shares of stock held by petitioners as minority shareholders, unanimously affirmed, with costs.

At bar, the appraiser was appointed before a 1982 amendment to Business Corporation Law § 623 (h), forbidding courts in special proceedings brought pursuant to that section from

ordering a "referral to an appraiser or referee". The IAS Court properly declined to give retroactive application to the amendment, there being no clear expression of legislative purpose to justify a retroactive application of this procedural statute, since such application would affect proceedings already taken in such actions *(see, Simonson v International Bank,* 14 NY2d 281, 289). Once a forum for a dispute has been fixed, there should be no retroactive application of an enactment that would change that forum, whether the change be from one administrative agency to another *(see, Matter of Ehrlich v New York City Conciliation & Appeals Bd.,* 124 Misc 2d 217, 218-219, *affd* 110 AD2d 501, *revd on other grounds* 67 NY2d 622), from a plenary action to arbitration *(see, National House Cleaning Contrs. v Bobaluc,* 251 App Div 401, 402, *appeal dismissed* 276 NY 533), from Supreme Court to the Court of Claims *(see, Strang v State of New York,* 206 Misc 734, *appeal dismissed* 285 App Div 1117), or from a court-appointed appraiser to the court itself. The form of the remedy is determined as of the time it is sought or invoked *(see, Matter of Barker,* 230 NY 364, 372). Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.