Matter of Amedure v State of New York (2024 NY Slip Op 24082)

[*1]

Matter of Amedure v State of New York

2024 NY Slip Op 24082

Decided on March 14, 2024

Supreme Court, Saratoga County

Slezak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 14, 2024
Supreme Court, Saratoga County

In the Matter of Rich Amedure, Garth Snide, Robert Smullen, Edward Cox, the New York State Republican Party, Gerard Kassar, the New York State Conservative Party, Joseph Whalen, the Saratoga County Republican Party, Ralph M. Mohr, Erik Haight, and John Quigley, Petitioners/Plaintiffs,

against
State of New York, Board of Elections of the State New York, Governor of the State of New York, Senate of the State of New York, Majority Leader and President Pro Tempore of the Senate of the State of New York, Assembly of the State of New York, Majority Leader of the Assembly of the State of New York, Minority Leader of the Assembly of the State of New York, Speaker of the Assembly of the State of New York, Respondents/Defendants. 
 And Democratic Congressional Campaign Committee (DCCC), New York State Senator Kirsten Gillibrand, New York State Representative Paul Tonko, and Declan Taintor, Intervenors, Respondents/Defendants.

Index No.: 20232399

Rebecca A. Slezak, J.

PROCEDURAL HISTORY
Petitioners/Plaintiffs, by and through their attorneys, Perillo Hill, LLP, John Ciampoli, Esq., of counsel, and Fusco Law Office, Adam Fusco, Esq., of counsel, commenced the above captioned matter by the filing of a Verified Petition on September 1, 2023. This is a hybrid proceeding brought pursuant to Article 16 of the Election Law, Article 78 of the Civil Practice Law & Rules ("CPLR") and a declaratory judgment action pursuant to CPLR § 3001. Plaintiffs/Petitioners further filed an Order to Show Cause which was returnable on September 20, 2023 based upon the Verified Petition seeking an order:
1. Declaring Chapter 763, New York Laws of 2021 to be unconstitutional upon the [*2]causes of action in the annexed Verified petition;
2. Determining that because the subject Chapter of the New York Laws has no severability clause, that the said Chapter 763, New York Laws of 2021 is entirely invalid and that any chapters amending such law are also invalid, and
3. Issuing a preliminary injunction against the Defendant/Respondents prohibiting the enforcement of such unconstitutional statutes, and
4. Issuing an order for such other, further, and different relief as this Court may deem to be just and proper in the premises.
(see NYSCEF Doc. No. 39). The motion brought by Order to Show Cause is fully submitted.
Respondents/Defendants, State of New York and Governor of the State of New York, by and through their attorney, Lettitia James, Attorney General, State of New York, Jennifer J. Corcoran, Esq., of counsel, filed a Motion to Dismiss and opposition to the preliminary injunction. On October 5, 2023, the Court heard oral arguments on all the motions, and granted the branch of the Attorney General's motion seeking to dismiss the action as against the Governor of the State of New York. The Court reserved decision on the remaining branches of the Attorney General's motion. On December 20, 2023, the Court signed a written Order memorializing the dismissal of the Governor of the State of New York. The remaining motion by the Attorney General on behalf of the Respondent/Defendant State of New York is still pending and fully submitted.
Respondents/Defendants, Board of Elections of the State New York, filed a Verified Answer verified by Brian L. Quail, Esq., Co-Counsel to New York State Board of Elections. Attorney Quail further advised that the four commissioners do not agree and are appearing by separate counsel. Attorney Quail is representing the Democratic Commissioners and Kevin Murphy, Esq., Co-Counsel to the New York State Board of Elections is representing the Republican Commissioners. The Democratic Commissioners oppose the relief sought in the Verified Petition and motion brought on by Order to Show Cause filed by the Petitioners/Plaintiffs and support the motions to dismiss. The Republican Commissioners consent to the relief sought by Petitioners/Plaintiffs and oppose the motions to dismiss. These parties shall be referred to as Respondent/Defendant Democratic Commissioners and Respondent/Defendant Republican Commissioners, respectively.
Respondents/Defendants, Senate of the State Of New York and Majority Leader and President Pro Tempore of the Senate of the State of New York, by and through their attorneys, E. Stewart Jones Hacker Murphy LLP, Brian F. Neidl, Esq. and James C. Knox, Esq., of counsel filed a Motion to Dismiss and opposed the injunctive relief. The motion to dismiss filed by the Respondents/Defendants Senate Majority pursuant to CPLR § 3211 (a) (7) is fully submitted.
Respondents/Defendants, Assembly of the State of New York, Majority Leader of the Assembly of the State of New York, and Speaker of the Assembly of the State of New York, by and through their attorneys, Hodgson Russ, Christopher Massaroni, Esq., of counsel filed a Motion to Dismiss and opposed the injunctive relief. The motion to dismiss filed by the Respondents/Defendants Assembly Majority pursuant to CPLR §§ 3211 (a) (2, 7 & 10), 406 and 7804 (f) is fully submitted.
Respondents/Defendants, Minority Leader of the Senate of the State of New York and Minority Leader of the Assembly of the State of New York, by and through their attorneys, DerOhannesian & DerOhannesian, Paul DerOhannesian, II, Esq. of counsel filed briefs in support of the Petitioners/Plaintiffs requested relief in its entirety and opposing the motions to [*3]dismiss. The Respondents/Defendants Assembly Minority did not file any separate motions.
Various motions to admit counsel pro hac vice were presented and determined by the prior Judge. The pro hac vice motions were granted, and said admitted attorneys from the Elias Law Group filed a motion to intervene on behalf of Democratic Congressional Campaign Committee (DCCC), New York State Senator Kirsten Gillibrand, New York State Representative Paul Tonko and Declan Taintor. The motion to intervene was granted after the oral arguments on October 5, 2023. The Intervenors/Respondents/Defendants oppose the Verified Petition and injunctive relief sought by the Petitioners/Plaintiffs.
The above captioned matter was initially assigned to Hon. James E. Walsh, Supreme Court Justice. He recused and the matter was assigned to Hon. Dianne N. Freestone, Supreme Court Justice. As noted above, Judge Freestone heard oral arguments on the above listed motions on October 5, 2023. Judge Freestone granted the motion to dismiss against Governor Hochul and granted the motion to intervene by The Intervenors/Respondents/Defendants (hereinafter "Intervenors"). Judge Freestone reserved on the remaining motions to dismiss, and the injunctive relief sought by Petitioners/Plaintiffs. All of the parties consented on October 5, 2023 that no injunctive relief could be issued for the 2023 election cycle. An additional briefing schedule was agreed upon by counsel for the undecided motions. The matters reserved upon by the Court were deemed fully submitted on December 29, 2023.
During the time period for receipt of additional briefings, two motions were filed for leave to file amici curiae briefs. On or about November 13, 2023, Santiago Burger, LLP, Michael A. Burger, Esq., filed a motion for leave to file an amicus curiae brief in support of the Petitioners/Respondents. The motion is on behalf of the NRCC and the Republican National Committee. This motion is still pending and is opposed by Respondents/Defendants Senate Majority and Respondents/Defendants Assembly Majority.
On or about December 16, 2023, the Law Office of Joseph T. Burns, PLLC, Joseph T. Burns, Esq., of counsel filed a motion seeking leave to file an amicus curiae brief in support of the Petitioners/Respondents. The motion is on behalf of the Republican Lawyers Club. This motion is still pending and is opposed by Respondents/Defendants Senate Majority and Respondents/Defendants Assembly Majority.
On or about February 15, 2024, Judge Freestone recused and the matter was assigned to the below signed Justice. The return date on all of the pending motions was changed to March 8, 2024 to allow the newly assigned Justice an opportunity to review and determine the motions. No further briefing was expected or permitted.
On or about February 16, 2024, Respondents/Defendants Senate Majority, by and through Attorney Neidl and Attorney Knox, filed a motion seeking to change venue pursuant to CPLR §§ 510, 511 and 512. The motion to change venue is seeking a finding that Saratoga County is an improper venue because (i) Albany County has become the mandatory venue under Election Law § 16-101, which they seek to apply retroactively; and (ii) CPLR § 506 (b) mandates that Albany County is the proper venue. Simultaneously with their motion they served Petitioners/Plaintiffs with a demand to change venue pursuant to CPLR § 511 (b) outlining the same two reasons upon which their motion is based. Attorney Neidl stated in his demand that to ensure this Court was made "promptly aware" of the demand to change venue they were filing the motion under the same cover letter containing the demand. This appears to be an admission that time is of the essence.
Attorney Quail on behalf of the Respondent/Defendant Democratic Commissioners, [*4]Attorney Massaroni on behalf of the Respondents/Defendants Assembly Majority and the Elias Law Group on behalf of the Intervenors all filed letters stating that their clients consent to the motion to change venue filed by the Respondents/Defendants Senate Majority. Petitioners/Plaintiffs, Respondent/Defendant Republican Commissioners and Respondents/Defendants Minority Leaders filed papers in opposition to the motion to change venue. Respondent/Defendant State of New York takes no position on the motion to change venue.
Oral arguments were held in person on the motion to change venue on March 4, 2024. Petitioners/Plaintiffs appeared by and through Attorney Ciampoli and Attorney Fusco; Respondent/Defendant State of New York appeared by and through Assistant Attorney General Adrienne J. Kerwin, Esq.; Respondent/Defendant Democratic Commissioners appeared by and through Attorney Quail and Aaron Suggs, Esq.; Respondent/Defendant Republican Commissioners appeared by and through Attorney Murphy; Respondents/Defendants Senate Majority appeared by and through Attorney Neidl and Attorney Knox; Respondents/Defendants Assembly Majority appeared by and through Attorney Massaroni; Respondents/Defendants Assembly Minority appeared by and through Attorney DerOhannesian; and the Intervenors appeared by and through the Elias Law Group, Justin Baxenbert, Esq., of counsel. At the conclusion of the hearing the Court reserved on the motion to change venue. All remaining motions are being held in abeyance pending the determination of the venue motion.
The essential argument put forth by the proponents to change venue is that Election Law § 16-101 was amended and effective September 20, 2023 and that the Court must apply it retroactively because the statute is procedural and therefore "remedial" and because it went into effect immediately. The language "effective immediately" is argued to imply urgency and support an interpretation that the statute clearly implies that it is to be applied retroactively. The proponents argue the amendment mandates that venue in any action seeking to determine the constitutionality of the election law shall be in one of four counties depending upon which Appellate Division Department the action is brought: to wit: New York County, Westchester County, Albany County or Erie County. The proponents of the motion argue, therefore, that the above captioned matter's proper venue is mandated to be Albany County, making Saratoga County improper. They secondarily argue that the Article 78 proceeding mandates that venue be in Albany County pursuant to CPLR § 506 (b), so the Court must change venue. Finally, they argue that the motion pursuant to CPLR § 511 to change venue, if discretionary or mandatory has been made within a reasonable time and is not prejudicial to Petitioners/Plaintiffs. They further argue that because they have not answered and only moved to dismiss the time to demand a change of venue has not yet commenced, and again lending itself to the argument that the motion is timely. The proponents of the motion to change venue further urge that the recusal of Judge Freestone creates a "re-set" for this litigation, making their motion timely due to the nature of the need to assign a new judge anyway creating the perfect circumstances to change the venue.
The opponents of the motion argue that the amendment to Election Law § 16-101 is prospective only and inapplicable to the instant action which was commenced nineteen days before the amendment went into effect. They argue that the clear meaning of "effective immediately" means applicable to actions commenced on or after September 20, 2023. They further argue that the proper venue is Saratoga County because the action for declaratory judgment is the principal action, and pursuant to CPLR § 503 the residence of the [*5]Petitioners/Plaintiffs applies, allowing the action to have been commenced in the proper county of Saratoga County. The fact that the proper county was selected requires this Court to deny the motion based upon CPLR § 510 (1), leaving only a discretionary motion to change venue pursuant to CPLR §§ 510 (2) or 510 (3). The opponents further argue that Respondents/Defendants Senate Majority failed to make the motion within a reasonable time. The opponents argue that the delay of five months from the commencement of this action is unreasonable and prejudicial to the Petitioners/Plaintiffs as they are unable to seek injunctive relief until the constitutionality of Election Law § 9-209 as amended in 2021 is determined and every election cycle that passes before said determination is another loss of rights to a free and fair election.
Petitioners/Plaintiffs and the Respondents/Defendants who oppose the motion argue that when a conflict with regard to the choice of venue is presented, the Court has the discretion to determine which is the proper venue pursuant to CPLR § 502. The opponents argue that in the above captioned matter, the declaratory judgment action is the principal action before the Court and that the Article 78 proceeding is incidental to the relief requested in the declaratory action. The argument follows that if the amendment to § 9-209 is declared constitutional, the Article 78 relief seeking to enjoin its application must fail, and in the event the statute is declared unconstitutional the Article 78 relief seeking to enjoin must be granted. Therefore, the opponents argue that the venue should be based upon the principal action, which is Saratoga County as designated by the residence of the Petitioners/Plaintiffs on September 1, 2023 the date of commencement. The opponents of the motion argue that the Court is left with only determining if, in its discretion, venue should be changed pursuant to CPLR § 510 (2) or (3) and pursuant to CPLR § 502 the Court should deny the motion to change venue. 
Petitioners/Plaintiffs and the Respondents/Defendants who oppose the motion to change venue further argue the Respondents/Defendants motion was made too late as it has been made when the entire action is fully submitted for determination and any further delay would be demonstrably prejudicial. The proponents of the motion to change venue argue that the hybrid nature of the action cannot be used to force venue to be based solely on the complaint seeking a declaratory judgment, and the mandatory language of the amended Election Law § 16-101 requires this Court to change venue, as does CPLR § 506 (b).

APPLICABLE LAW
In general venue is determined by the residence of either the plaintiff or defendant, at the time "when the action was commenced" (CPLR § 503 [a] [emphasis added]; Mandelbaum v Mandelbaum, 151 AD2d 727, 728 [2d Dept 1989] [
The residence of a party for purposes of venue must be determined as of the time of the commencement of the action (see, Jonas Equities v 614 E. 14th St. Realty Corp., 282 App Div 773), and indicia of residence acquired after the commencement of the action are irrelevant to the determination (see, Siegfried v Siegfried, 92 AD2d 916).
]; David D. Siegel & Patrick M. Connors, New York Practice § 118 [6th ed, 2018] ["In determining where 'residence' is, the moment of commencement of the action is looked to under CPLR 503 [b]."]). Venue in an Article 78 proceeding is governed by CPLR § 506 (b), which is restrictive in its application to
. . . any county within the judicial district where the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him by law, or where the proceedings were brought or taken in the course of which the matter sought to [*6]be restrained originated, or where the material events otherwise took place, or where the principal office of the respondent is located . . . .
(CPLR § 506 (b). Venue in a declaratory judgment action pursuant to CPLR § 3001 is governed by CPLR §§ 503 (residence of the parties), 504 (specific municipal corporations) and 505 (public authorities) (CPLR §§ 503, 504 & 505; see also David D. Siegel & Patrick M. Connors, New York Practice § 437 [6th ed, 2018] [outlining the rules for selection of venue]). The nature of an action may offer a procedural advantage in selecting venue, as a hybrid action for Article 78 and CPLR § 3001 may allow a plaintiff to select venue pursuant to the less restrictive CPLR §§ 503, 504 and/or 505 (see David D. Siegel & Patrick M. Connors, New York Practice § 437 [6th ed, 2018] [
The which-shall-it-be contest with Article 78 also illustrates how the plaintiff can end up with some incidental procedural advantage should an action in declaratory form be sustained. The venue of an Article 78 proceeding is restricted to the choices offered by CPLR 506 (b), for example, while venue in a declaratory action is governed by CPLR 503, 504, and 505, which can offer a preferable venue allotment in a given case.
]).
CPLR § 510 provides the grounds for changing venue, and CPLR § 511 provides the mechanism for seeking a change in venue. A motion premised upon an improper venue requires the moving party to have first served a demand to change venue which, if the plaintiff consents to the change, will avoid a motion (CPLR § 511 [a & b]). If plaintiff fails to consent, defendant has fifteen days to file the motion, and if venue is in fact improper, the Court will grant the motion (Vincent C. Alexander, Prac Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C511:2 [stating that if Defendant follows the procedure outlined in CPLR § 511 (a) and (b), and Plaintiff did select an improper venue, the motion should be granted]). A motion for a change of venue based upon convenience or impartiality does not require a demand, but such a motion is discretionary only. The motion for change in venue must be made before the answer is filed or within a reasonable time thereafter. If a defendant delays in bringing the motion the Court, in its discretion, may deny the motion (Vincent C. Alexander, Prac Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C511:1 [
Courts have said that a motion to change venue in the discretion of the court may be made "at any time before trial (Korman v City of New York, 1982, 89 AD2d 888, 453 NY S.2d 452 (2d Dep't)), but this simply means that CPLR 511 (a) imposes no outside limit. The timing of the motion is factored into the court's exercise of discretion. Korman v. City of New York, supra. A court's determination of reasonableness, of course, will be highly fact-specific. The following factors have commonly played a role in the courts' exercise of discretion: whether the motion was made on the eve of trial; whether discovery was still in progress; the point at which the movant reasonably should have acquired knowledge of the facts relevant to the grounds for the motion; the strength of the showing in support of the motion; the explanation for the delay; and the extent of prejudice, if any, to the non-moving party. . . .
[citations omitted]). Plaintiff may defeat a motion to change venue pursuant to CPLR § 510 (1) by showing that the venue chosen is in fact proper (see David D. Siegel & Patrick M. Connors, New York Practice § 123 [6th ed, 2018, p. 252]).
Whether an amendment to a statute should be applied retroactively, or prospectively [*7]only, is determined by the legislative intent (Majewski v Broadalbin-Perth Cent. Sch. Dist., 91 NY2d 577, 583-584 [1998]; Becker v Huss Co., 43 NY2d 527, 539-541 [1978]). "[T]he clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Majewski, 91 NY2d at 583). The general rule is that "an amendment will have prospective application only, and will have no retroactive effect, unless its language clearly indicates that it shall receive a contrary interpretation" (McKinney's Cons Laws of NY, Book 1, Statutes § 52 [footnotes omitted]). Retroactive legislation generally falls into two general categories, remedial and curative, and both are deemed exceptions to the rule that legislation shall be applied prospectively only (id. at § 54). "Remedial statutes constitute an exception to the general rule that statutes are not to be given a retroactive operation, but only to the extent that they do not impair vested rights" (id. [emphasis added] [footnotes omitted]; see also Auger v State, 236 AD2d 177, 179 [3d Dept 1997] [
As "procedural statutes may not retroactively destroy rights already accrued", such application to pending matters is only to procedural steps taken subsequent to the effective date of the statute [McKinney's Cons Law of NY, Book 1, Statutes § 55, at 118; see, Simonson v International Bank, 14 NY2d 281, 289-290; Charbonneau v State of New York, 148 Misc 2d 891, 895, affd 178 AD2d 815, affd 81 NY2d 721].
). "Curative acts, or statutes designed to remedy specific defects in proceedings already prosecuted may have a valid retroactive operation, although they may not cure a jurisdictional defect or effectively defeat vested rights" (McKinney's Cons Laws of NY, Book 1, Statutes § 54 [footnotes omitted]). An immediate effective date may evince a sense of urgency, or it may reasonably be understood to take effect only prospectively as without more it is not clear that it should be deemed an exception to the rule (Becker, 43 NY2d at 541). In attempting to discern whether to apply an amendment that appears equivocal on its application one may review the legislative history and any legislative reports or memoranda issued by the Legislature (id.; see In re OnBank & Trust Co., 90 NY2d 725, 730 ["the reach of the statute ultimately becomes a matter of judgment made upon review of the legislative goal" [citing Matter of Duell v Condon, supra, 84 NY2d, at 783]). Retroactive application should occur only if the statute clearly states or reasonably infers such application (Majewski, 91 NY2d at 584 [
It is a fundamental canon of statutory construction that retroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it (see, Jacobus v Colgate,217 NY 235, 240, 111 N.E. 837 [Cardozo, J.] ["It takes a clear expression of the legislative purpose to justify a retroactive application"]; Landgraf v USI Film Prods., 511 U.S. 244, 265, 114 S.Ct. 1483, 1497, 128 L.Ed.2d 229 ["the presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic"]). An equally settled maxim is that "remedial" legislation or statutes governing procedural matters should be applied retroactively (see, Matter of OnBank & Trust Co., 90 NY2d 725, 730, 665 N.Y.S.2d 389, 688 N.E.2d 245; Becker v Huss Co., supra, 43 NY2d, at 540, 402 N.Y.S.2d 980, 373 N.E.2d 1205).
]).
Procedural statutes are deemed remedial and, therefore, are an exception to the prospective application of legislation (McKinney's Cons Laws of NY, Book 1, Statutes § 55). But as stated earlier, remedial statutes are applied only to the extent that they do not impair [*8]vested rights (id. at § 54). Again, the Court must look to the legislative intent of the amendment to determine if to Election Law § 16-101 as adopted is remedial and may be applied retroactively. In reviewing the guidance outlined in McKinney's Cons Laws of NY, Book 1, Statutes, the "textual treatise on the construction and legal interpretation of statutes", procedural statutes are generally interpreted to be an exception to the general rule of prospective application only (p. III & §55). 
Thus procedural statutes are said to constitute an exception to the general rule that statutes will not be retroactively construed; but this statement, standing alone, is apt to be misleading, and in one sense it is positively incorrect. What is really meant when it is said that procedural statutes are generally retroactive is that they apply to pending proceedings, and even with respect to such proceedings they only affect procedural steps taken after their enactment. In other words, while procedural changes are generally deemed applicable to subsequent proceedings in pending actions, it takes a clear expression of legislative intent to justify a retroactive application of a procedural statute so as to affect proceedings previously taken in such actions; and in the latter case, a change in procedure is inapplicable, unless in exceptional conditions, where the effect is to nullify by relation things already done in a pending proceeding. Actually, therefore, such statutes are not retroactive at all, but are prospective under the rule that procedural matters are governed by the law in force when they arise. Thus procedural statute may not retroactively destroy rights already accrued, or validate a proceeding unauthorized by a pervious law.
(id. at § 55 [footnotes omitted]). In construing statutes, a court may not "by implication supply . . . a provision which is reasonable to suppose the Legislature intended intentionally to omit" (id. at § 74 [footnotes omitted]).
The Election Law was amended by 2023 Session Laws of New York Chapter 475 to add § 16-101. This section states:
§ 16-101. Actions or proceedings challenging provisions of this chapter.
1. Notwithstanding any other law to the contrary, in any action or proceeding in which any party challenges the constitutionality of a provision of this chapter, and any related statutory claims, venue shall be proper only in one of the following designated courts in a judicial department within which at least one plaintiff is located:
(a) first judicial department: New York county;
(b) second judicial department: Westchester county;
(c) third judicial department: Albany county; or
(d) fourth judicial department: Erie county.
2. For the purposes of this section, a challenge to the constitutionality of a provision of this chapter shall mean a challenge in any form, including but not limited to a claim, counter-claim, cross-claim, defense, or affirmative defense. Such a claim may be raised by any party, including but not limited to a plaintiff, defendant, third-party plaintiff, third-party defendant, intervenor, or substituted party.
(Election Law § 16-101). The statute does not state that it is to be applied retroactively, it merely states it is to take effect immediately. The intent is to modify the procedural choice of venue in actions, but it cannot be used to affect the choice made at the commencement of this action because this procedural step was made prior to the enactment of Election Law § 16-101. As such Election Law § 16-101 may be deemed procedural, which as outlined above is to be [*9]applied to pending cases, but prospectively only, not retroactively in a manner that would affect proceedings previously taken, i.e., Petitioners/Plaintiffs' choice of venue (Simonson v International Bank, 14 NY2d 281, 289 [1964] [holding that amendments to procedural statutes are applicable to pending cases, but only to subsequent actions to be taken not previously taken actions, it cannot be applied so as to nullify things already done]; Auger, 236 AD2d at 179 [same]; Alpert v 79 Realty Corp., 214 AD2d 478, 479 [1st Dept 1995] [declining to retroactively apply an amendment to Business Corporation Law § 623 [h] restricting courts from referring matters to an appraiser or referee because
The IAS Court properly declined to give retroactive application to the amendment, there being no clear expression of legislative purpose to justify a retroactive application of this procedural statute, since such application would affect proceedings already taken in such actions. Once a forum for a dispute has been fixed, there should be no retroactive application of an enactment that would change that forum, whether the change be from one administrative agency to another . . . from a plenary action to arbitration . . . from Supreme Court to the Court of Claims . . . or from a court-appointed appraiser to the court itself. The form of the remedy is determined as of the time it is sought or invoked. 
[citations omitted]). 
In reviewing Election Law § 16-101, the legislation notes, Committee report and Sponsor's memo, there is no indication that the Legislature intended that the statute would be applied retroactively or require pending litigation be transferred upon enactment to the appropriate designated county. Instead, the statute simply states it will be effective immediately. A plain reading of the statute is that it will be applied prospectively to pending proceedings, and if the choice of venue is open to a motion, then the Court may apply the statute, but not destroy rights already exercised. Applying an amendment retroactively in a manner that would defeat a party's rights requires a clear indication that the Legislature intended to do so. There is no such indication from the plain meaning of the language used in the statute, nor any reasonable inference from the legislation notes, Committee report, or Sponsor's memo.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
This matter was commenced on September 1, 2023. The declaratory judgment action allowed the Petitioners/Plaintiffs the right to file suit in Saratoga County. The Court finds as a matter of law that at the commencement of this action, Saratoga County was a proper venue pursuant to CPLR § 503. The analysis, therefore, requires this Court to determine if the enactment of the new law mandates venue now be determined to be improper retroactively and grant Respondents/Defendants Senate Majority's motion to change venue. In reading a statute the Court finds the natural language and meaning of Election Law § 16-101 is procedural but that it may only be applied to the pending litigation prospectively. In the above captioned matter Respondents/Defendants Senate Majority must show that the choice of forum at the time of commencement was improper in order to succeed on their motion. They cannot make this showing. The branch of the Respondents/Defendants Senate Majority motion to change venue based upon the selection of an improper venue must be denied.
The motion to change in venue therefore, is left to the discretion of the Court, which may still find that the grounds pursuant to CPLR 510 (2) or (3) allow for a discretionary change of venue. However, there is nothing in the papers stating a fair determination cannot be made by the Court in the chosen venue. Nor did the Respondents/Defendants Senate Majority argue that a change of venue is necessary for the convenience of material witnesses. Their arguments [*10]merely focused on CPLR § 510 (1) improper venue and/or the retroactive application of Election Law § 16-101.
Petitioners/Plaintiffs have the right to select the venue, and unless it was improper, any motion to change venue is discretionary only. The Court finds that it is not mandated to immediately transfer the above captioned matter to one of the designated counties in Election Law § 16-101. Moreover, the newly enacted statute does not imply by its language or the legislation notes, Committee report and Sponsor's memo, that it is to be applied to actions already taken in pending cases. It also does not state that there is some special knowledge in any of the four designated counties that would reasonably imply it be retroactively applied to procedural actions already taken. Instead, the statute and its accompanying legislation notes, Committee report and Sponsor's memo, merely state it was enacted to avoid forum shopping. The Respondents/Defendants Senate Majority in seeking to change the venue by retroactively applying Election Law § 16-101 to the selection of venue are, in fact, attempting to use the statute to do precisely what it was enacted to deter, forum shop. Only a strained reading of the statute could lead to a result that this Court is absolutely required to transfer venue to Albany county and ignore all of the existing rules, statutes and caselaw regarding a motion to change venue. The Court does not find that Election Law § 16-101 should be applied in such a fashion that Petitioners/Plaintiffs would be wholly stripped of their rights regarding choice of forum and the application of Article 5 of the CPLR. This being said, the Court may still, in its discretion, determine pursuant to CPLR §§ 502 & 511 that more than one county would have been proper and transfer this matter to a different, but proper county, because as a procedural statute, the law may be applied prospectively to existing or future procedural matters. The pending motion to change venue, therefore, does present a situation where two proper venues do exist, and the Court may choose to transfer from a proper county to the other proper county, if in its discretion it deems it appropriate (CPLR § 502).
A motion to transfer based upon a discretionary ground must be made within a reasonable time. The determination of timeliness should be based in part on the stance of the case at the time of the motion, i.e., on the eve of trial or before significant discovery has been had. The Court must also analyze whether any demonstrable prejudice will occur by the delay a transfer of the matter would cause. Here the Respondents/Defendants Senate Majority have moved to change venue five months after the action was commenced. It is true that their motion was made prior to their filing an answer, and before any discovery has occurred, because of the several outstanding motions to dismiss and motion of Petitioners/Plaintiffs. All of the motions are fully submitted and were set to be decided when the prior judge recused. Respondents/Defendants Senate Majority argue that as a practical matter the recusal of Judge Freestone has created a "re-set" point making this the appropriate and reasonable time to make a motion to change venue. They argue there can be no prejudice because the case is to be re-read by a new judge anyway and it makes no difference if that judge sits in Saratoga County or Albany County. This argument must fail because there is no statutory or case law defining a "re-set" as a basis for a transfer of venue. Furthermore, a recusal is not a basis to change venue, and to decide that it is, would create a judge-made rule that would nullify and defeat Petitioners/Plaintiffs' right to select the venue upon commencing an action. This Court is loathe to defeat rights in such a manner that is simply not supported by any legal analysis. The Court instead must determine if the timing is reasonable in the context of the stance of the above captioned matter, and if any demonstrable prejudice would arise.
The principal issue presented by the above captioned matter is whether Election Law § 9-209 is constitutional. The declaratory judgment action was filed with an Order to Show seeking this relief, and Respondents/Defendants Senate Majority, Respondents/Defendants Assembly Majority, Respondent/Defendant State of New York and the Intervenors all filed motions to dismiss upon the grounds of CPLR 3211 (a) (7). There are no questions of fact requiring a hearing and the motions to dismiss are to be treated as a cross-motion seeking a declaratory judgment that the Election Law § 9-209 is constitutional (David D. Siegel & Patrick M. Connors, New York Practice § 440 [6th ed, 2018] [
Therefore, a motion to dismiss a cause of action for declaratory judgment should be denied if the pleading "is sufficient to invoke the court's power to render a declaratory judgment . . . as the rights and other legal relations of the parties to a justiciable controversy." If, however, there are no questions of fact the motion should be treated as one seeking a declaration in defendant's favor and treated accordingly.
]). The motions are all fully submitted and all parties are seeking a declaration of whether a statute is, or is not, constitutional. This case is, therefore, fully submitted for determination, and Respondents/Defendants motion is akin to being on the eve of trial. The Court further finds that any delay will bring this case closer to yet another election cycle, which will impede Petitioners/Plaintiffs' ability to seek injunctive relief, and to seek judicial review of the administrative decisions made by the boards of election in deciding whether to canvass votes received by mail. The frustration of Petitioners/Plaintiffs attempts to seek legal redress in elections is demonstrable prejudice. The branch of the Respondents/Defendants Senate Majority motion to change venue based upon CPLR §§ 502 & 511, and upon Election Law § 16-101 must be denied.
Petitioners/Plaintiffs' request to submit further briefings on the constitutionality of Election Law § 16-101 is denied. The issue is not properly before the Court, and the Court's decision does not implicate any constitutional issues. It is noted that Election Law § 16-101 is simply restricting a choice of venue, not the ability to seek judicial review. This entire decision outlines various ways the Legislature has enacted statutes restricting the choice of venue—leading this Court to presume the statute is constitutional on its face without more. The Court further finds that the application of the statute to the above captioned matter does not present any constitutional issues. Without a proper request to determine the constitutionality the Court declines to address the issue sua sponte.
Based upon the foregoing, it is
ADJUDGED that Respondents/Defendants Senate Majority failed to show that Election Law § 16-101 mandates transfer of pending cases to one of the designated counties; and it is further
ADJUDGED that Respondents/Defendants Senate Majority motion to change venue was not made within a reasonable time and is demonstrably prejudicial to Petitioners/Plaintiffs; and it is further
ADJUDGED that the constitutionality of the Election Law § 16-101 is not properly before the Court; therefore, it is hereby
ORDERED that Respondents/Defendants Senate of the State Of New York and Majority Leader and President Pro Tempore of the Senate of the State of New York's motion seeking (1) to change venue pursuant to CPLR §§ 510, 511 and 512; (2) a finding that Saratoga County is an improper venue because (i) Albany County has become the mandatory venue under Election [*11]Law § 16-101, which they seek to apply retroactively; and (ii) CPLR § 506 (b) mandates that Albany County is the proper venue; and (3) for such other and further relief this Court deems just and proper is denied in its entirety; and it is further
ORDERED that the above captioned matter shall remain in Saratoga County and the Court shall issue a decision on the pending motions within sixty (60) days of the submission date, to wit: March 8, 2024; and it is further
ORDERED that Petitioners/Plaintiffs' request to submit further briefs on the constitutionality of Election Law § 16-101 is denied in its entirety.
This Decision and Order constitutes the Order of the Court.
PLEASE TAKE NOTICE that the Court is hereby uploading the original Decision and Order to the New York State Courts Electronic Filing system for filing and entry by the County Clerk. Counsel for Petitioners/Plaintiffs is still responsible for serving notice of entry of this Decision and Order in accordance with the requirements of CPLR §2220 and the Local Protocols for Electronic Filing for Saratoga County.
Dated: March 14, 2024
HON. REBECCA A. SLEZAK
Justice of the Supreme Court